7778

STATE v. BATES.

1. FORCIBLE ENTRY AND DETAINER.—Plowing up growing crops, digging a ditch and erecting a substantial wire fence are acts against the possession of one claiming land that will support an indictment for forcible entry and detainer.

2. CHARGE.—Remarks by the trial Judge as to the familiar legal rights and advantages arising from possession in a contest about title to land and as to efforts sometimes made to obtain such advantage, are not prejudicial.

Before ALDRICH, J. Anderson, September, 1909, term. Affirmed.

Indictment against James Bates, James Hix, Ed Rhodes and Arthur Keasler for forcible entry and detainer and destroying landmarks. From sentence on verdict of guilty

on the first count, defendants appeal. That portion of the charge objected to in the last exception is:

"When one comes into law to recover possession of real estate the party in possession is presumed to be the true owner, and he has not got to make out his title, as it is presumed that he has a good and perfect title, and the plaintiff can't recover in such an action unless he can show a good and perfect title in himself. Parties being in a case to recover possession of real estate, the plaintiff must recover upon the strength of his own title and not upon the weakness of his adversaries. And it is always desirable in a controversy over the possession of real property to have the possession, and hence—it was so in the olden times and in the present times it seems. I have known it to be when men seek to recover possession of land they will come with a strong hand and a crowd of people to take the possession from the party in actual possession by force, and keep him out and hold the possession by force in order that when the action is brought to recover possession of that land he may have the advantage of being the defendant in the action and therefore presumed to be the true owner, unless the other party can show a good and perfect title in himself."

*Messrs. Paget & Watkins,* for appellants, cite: *Proof necessary to make out crime of forcible entry and detainer:* 2 Brev. 446; 3 Brev. 413; Harp. 503; 19 Cyc. 1115.

*Solicitor P. A. Bonham* and *Mr. J. E. Brazeale,* contra, oral argument.

February 22, 1911. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendants were convicted of forcible entry and detainer of a strip of land alleged to have been in the possession of A. L. Atkins.

The first question raised by the appeal is whether the Circuit Judge erred in refusing to direct a verdict of acquittal on the ground that there was no evidence of such conduct on the part of the defendants as would constitute the crime of forcible entry and detainer.

The evidence was to the effect that Atkins had been for some years in possession of the strip of land, which is the subject of controversy, claiming it as part of his own farm. The defendant Bates acquired title to a tract of land adjoining the land of Atkins, and after having it surveyed claimed that Atkins had been cultivating over the line, and undertook himself to cultivate to the new line shown by his survey. Bates, by his employees, the defendants Hix, Rhodes and Keasler, planted the strip in dispute and Atkins ploughed up the crop and planted it himself. Thereafter the defendants again planted the disputed land, dug a ditch, and finally built a substantial fence on the line claimed by Bates to be the true boundary. There was no evidence of personal violence or threats of such violence on either side.

The forcible entry and detainer statute of 5 Rich., 2d c, 8, now appears in our Civil Code as section 2963: "No person shall make any entry into any lands or tenements, but in case where entry is given by law; and in such case not with strong hand, nor with multitude of people, but only in peaceable and easy manner."

In support of the contention that the acts of the defendants in ploughing up the crop of the prosecutor, who was in possession, and erecting a fence to keep him off, were not sufficient to warrant a conviction of forcible entry and detainer, counsel relied on the case of *State* v. *Cargill*, 2 Brev. 445. In that case, decided in 1811, the following language used by the Court, it is contended, supports the position of defendants: "It does not appear that the *public peace was violated*, by any violent misconduct of the defendant in obtaining or keeping possession of the land in

question. If the prosecutor had a better right to the possession than the defendant, he might have availed himself of his civil remedy. The law will not punish, criminally, a private injury of this nature. There must be, at least, some appearance of force, by acts, words, or gestures, to constitute the offense charged."

Even under this case we think it cannot be doubted that ploughing up the crop of the person in possession of land, digging a ditch, and barricading the land by a wire fence, are acts of entering and holding by force "with strong hands." But all doubt as to the force necessary to constitute the offense was set at rest by the later case of *Burt* adv. *The State,* 3 Brev. 413, decided in 1814, wherein the Court says: "Every unlawful entry upon the possession of another is, in the eye of the law, a forcible entry. But it must be an actual, and not a mere constructive possession. Two persons cannot be in the actual possession of the same land at the same time. And wherever the unlawful entry of one necessarily dispossesses the other, an indictment for a forcible entry may be maintained. And although the possession may have been surreptitiously obtained, yet. if it is maintained by force, the entry will be considered forcible. Otherwise a person may be dispossessed of his corn field, his orchard, and even his dwelling house, if an intruder should slyly creep in when he is out about his ordinary business. It is not necessary, as has been contended, that to constitute a forcible entry, it should be with a multitude of people. The statute of 5 Rich., 2d c. 8, forbids any person to enter into any lands or tenements, except when entry is given, and in such case, not a strong hand, nor with multitude of people. So that where entry is lawful it must not be done with multitude of people; and where it is not lawful it must not be done at all."

This case has never been overruled, nor has its doctrine been modified, so far as we can discover, by any later case in this State. The Court is the more strongly inclined to

respect its authority because the rule it lays down conserves the public peace and is in accord with the highest public policy.

Under the statute as thus construed, one who enters and takes lands from the possession of another, where the entry is not given by law, is guilty of forcible entry and detainer. On the trial of the issue the defendant cannot claim that the entry "was given by law" because he was the owner of the legal title, for it is the possession and not the title to the land which the statute was designed to protect. *Bennett* v. *State,* Harper 503.

In the case now under consideration there was evidence of a deliberate invasion of the possession; and the ploughing up of crops and the erection of a wire fence as a barricade constituted entry and detainer by force, evincing the purpose of the defendants to hold the possession against any effort of the prosecutor to resume it. This evidence in the light of the law above stated was sufficient to justify the Court in refusing the motion to direct a verdict of acquittal made on the ground that there was no evidence to support the charge of forcible entry and detainer.

There is no force in the exception alleging that the defendants were prejudiced by the remarks of the Circuit Judge as to the familiar legal rights and advantages arising from possession in a contest about the title to land, and as to efforts which are sometimes made to obtain the advantage of possession. There was no intimation that the defendants had taken this course. On the contrary the charge was explicit in stating the issue to be whether the defendants had entered and held possession against the prosecutor by force or threats.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.