## 9096

### VANCE v. FERGUSON.

(85 S. E. 241.)

FORCIBLE ENTRY AND DETAINER. WILFUL TRESPASS. ELECTION OF REME-
DIES. PRACTICE. EVIDENCE. DAMAGES. TITLE. DEEDS. CEMETERY
LOTS. POSSESSION.

1. FORCIBLE ENTRY AND DETAINER—EVIDENCE.—Testimony tending to
show that defendant entered a cemetery lot against the protest of
the keeper, and dug a grave, and made an interment therein, and
withheld possession with a strong hand, sustains an action for forcible
entry and detainer under Civil Code, secs. 4064 and 4072.

2. FORCIBLE ENTRY AND DETAINER—PREMISES.—Possession in enjoyment
of an easement is within the protection of Civil Code, secs. 4064 to
4072, against forcible entry and detainer.

3. DEEDS—CEMETERY LOT.—A deed in usual statutory form, conveying
the fee in a cemetery lot, for burial purposes, vests title and right to
possession, in the grantee, as owner of the soil.

4. FORCIBLE ENTRY AND DETAINER—POSSESSION.—Possession of a ceme-
tery lot need not be *pedis possessio,* and the possession of a keeper
placed in charge by the owner, is that of the owner.

5. FORCIBLE ENTRY AND DETAINER—EVIDENCE.—Stricter proof of pos-
session and entry is required in criminal, than in civil, actions, under
Civil Code, secs. 4064 to 4072.

6. TRESPASS—WILFULNESS—DAMAGES.—Punitive damages are recover-
able at common law for a wilful trespass.

7. PRACTICE—MOTION TO MAKE MORE DEFINITE—ELECTION.—Where a
complaint embraces more than one cause of action, the remedy to
make more definite, or election, is applicable.

8. DEEDS—RECORDS—EVIDENCE.—The proof of the record does not estab-
lish the existence of a deed, unless it is the best evidence available.

9. FORCIBLE ENTRY AND DETAINER—TRESPASS—POSSESSION.—In actions
for forcible entry and detainer, and trespass, a plaintiff may recover
upon proof of possession.

10. TITLE—COMMON SOURCE.—Where parties claim from a common
source of title, evidence as to how the common grantor acquired title
is irrelevant.

11. WILFULNESS — EVIDENCE — DECLARATIONS. — The declarations of a
defendant to a third person, with reference to his acts, are admis-
sible to show wilfulness in such acts.

12. EVIDENCE—WEIGHT—ADMISSIBILITY.—The circumstance that a wit-
ness contradicts himself while upon the witness stand, goes to the
credibility, and not the admissibility, of his testimony.

13. FORCIBLE ENTRY AND DETAINER—TITLE.—Evidence of title in defend-
ant is not admissible as a defense, in an action against him for forci-
ble entry and detainer.

14. FORCIBLE ENTRY AND DETAINER—WILFUL TRESPASS—DAMAGES—ELECTION OF REMEDIES.—In an action for a forcible entry and detainer, involving a wilful trespass, a plaintiff, at his election, may recover either the actual and punitive damages, or treble the actual damages; but not treble the actual and punitive damages.

Before Hon. W. A. Holman, special Judge, Columbia, July, 1914. Affirmed conditionally.

Action by Alice V. Vance against Carolina A. Ferguson. From judgment for plaintiff against defendant, the latter appeals. The facts are stated in the opinion.

*Mr. Jas. S. Verner,* for appellant, submits: *Record of deed to Randolph Cemetery inadmissible, without proof of loss of the original:* 35 S. C. 311; 5 Rich. 372; 2 Hill 542; 2 Rich. 144; 43 S. C. 370; 22 S. C. 365; 59 S. C. 246; 71 S. C. 267; 2 Elliott Ev., sec. 1449; 1 Greenleaf Ev., sec. 558. *Force essential in making entry:* 19 Cyc. 1134, 1135, 1136; 25 A. & E. Ann. Cas. 872; 15 *Ib.* 802, 804 and 805; 4 Cush. 141; 87 S. C. 527; 3 Brev. 111; *Ib.* 413; 2 Brev. 114; Harper's L. 503. *Complaint states only one cause of action:* 79 S. C. 438; 72 S. C. 208; Pomeroy's Code Remedies 455. *Actions under statute:* 15 Rich. 240; 16 A. & E. Enc. Pl. & Pr. 273, 275; 76 S. C. 36. *Prayer for relief no part of cause of action:* 27 S. C. 241; 30 S. C. 342; 34 S. C. 281. *Purchaser of cemetery lot takes only easement:* 6 Cyc. 717; 67 L. R. A. 118, and notes. *Forcible entry and detainer will not lie for entry on easement:* 14 Cyc. 1216; Harper 122; 31 S. C. 267. *Charge as to Green's testimony*

FOOTNOTE.—As to when the owner of an easement may maintain an action of forceable entry and detainer against one encroaching thereon, see note in 9 A. & E. Ann. Cas. 1177. As to possession necessary to maintain such action, see notes in 8 L. R. A. (N. S.) 426; 32 L. R. A. (N. S.) 51; 21 A. & E. Ann. Cas. 1226; Title not in issue in such action, 8 L. R. A. 537. Pleadings and proceedings in such action, 8 L. R. A. 538. As to character of estate or property in a burial lot, see note in 67 L. R. A. 118 to 326.

*was on the facts:* 51 S. C. 259; 83 S. C. 56; 80 S.' C. 383; 56 S.' C. 524; 98 S. C. 386; 57 S. C. 483; 99 S. C. 46. *So, also, charge as to what would constitute a forcible entry:* 90 S. C. 419; 91 S. C. 211; 61 S. C. 556. *Plaintiff's possession was insufficient to maintain action:* 87 S. C. 530; 3 Brev. 413; 8 L. R. A. (N. S.) 426; 19 Cyc. 1113; 13 A & E. Enc. of L. 744; 10 Ky. L. Rep. 547.

*Messrs. DePass & DePass,* also for appellant, submit *Statute is to be strictly construed:* 73 S. C. 41; 1 Brev. 119. *Forcible entry and detainer a mere possessory action:* Harper 503; 3 Brev. 413. *Complaint does not allege possession:* 4 Ala. 353; 45 Ala. 478; 23 Cent. Dig., p. 1278. *Actual possession necessary:* Fed. Cas. 11, 184a; 1 Part. (Ala.) 144; 87 S. C. 527. *Defendant's possession:* 83 Va. 20; 39 Tenn. 429; 28 Tenn. 407; 5 Miss. 383; 13 Me. 162. *All jurisdictional facts must appear:* 23 Ill. App. 552; 71 S. C. 318; 70 S. C. 259; 18 S. E. 543; 40 S. C. 342; 18 S. C. 936. *Complaint showed defense:* 58 S. C. 495; 71 S. C. 315.

*Messrs. F. Wm. Cappelmann* and *Jas. B. Murphy,* for respondent, submit: *As to record evidence of deed:* 49 S. C. 242; 71 S. C. 238; *Ib.* 433. *Proof of loss discretionary:* 43 S. C. 378; 1 Brev. 236; 71 S. C. 433; 87 S. C. 18; 80 S. C. 15; 87 S. C. 60; 81 S. C. 401; 71 S. C. 327; 58 S. C. 449. *Declarations show wilfulness:* 86 S. C. 104. *Green's testimony properly excluded:* Jones Ev., sec. 216 and 297; 79 S. C. 217; 94 S. C. 798. *Forcible entry and detainer:* 87 S. C. 527; 31 S. C. 267; Civil Code, sec. 4068, 4069. *Possession:* 13 A. & E. Enc. of L. (2d ed.) 748, 749, 750; 53 N. E. 371; 19 Cyc. 1115. *Of cemetery lot:* 91 S. C. 41; 6 Cyc. 718 and 719; 5 A. & E. Enc. of L. 785. *Question for jury:* 81 S. E. 494. *Force:* 87 S. C. 527; 53 Mo. App. 326; 53 Tenn. 73; 10 Ark. 43; 19 Minn. 174; Words and Phrases, p. 2873; 9 Cal. 46. *Treble damages:* Civil Code,

sec. 4069; 40 Mich. 185; 114 Mass. 443; 95 N. W. 442; 12 N. D. 95; 94 Cal. 139; 103 Mich. 38. *Pleading cause of action under statute:* Jones Ev., sec. 121; Code Civil Proc., secs. 192, 209, 210; 73 S. C. 36; 25 S. C. 123, 127; 16 Enc. Pl. & Pr. 274; 80 S. E. 997.

May 5, 1915.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The plaintiff claims to have sued under sections 4064-4072 of the Civil Code, and particularly under sections 4064-4068 and 4069.

The entire chapter relates to the offense of and the remedy for "Forceable Entry and Detainer."

The subject matter of dispute is a burial lot in Randolph Cemetery in the city of Columbia, wherein the plaintiff has buried her dead and onto which the defendant is alleged to have forceably entered, for the purpose and performance also to bury his dead. The parties are negroes, as were most of the witnesses.

The jury returned a verdict for $400.00 "single damages" for the plaintiff, and by the Court's direction, pursuant to section 4069, the jury trebled that and found all told $1,200.00 for the plaintiff. Subsequently and on motion, the Court reduced the recovery to $800.00 damages because the verdict was esteemed to be excessive.

The defendant has appealed upon fifteen assignments of error. These exceptions have been reduced by the argument to six; yet there are only four issues to be decided, and these we shall discuss in their order, without a statement of them here.

(1) The appellant makes serious contention at the threshold that the complaint states only an ordinary case of trespass, and not also a case under the statute.

The complaint alleges that the plaintiff is owner of the lot and has buried her husband and a child therein; that the

defendant made unlawful entry therein, not in a peaceable manner, but with force and a strong hand; that the defendant has continued to exclude the plaintiff from the control and use of the lot.

The answer admitted the entry for purposes of burial of the defendant's dead and the actual burial; it denied that the entry was "with force and arms as alleged," but was in "a quiet and peaceable manner," and that the defendant yet holds the lot.

The issue, therefore, was plainly made that the entry was not peaceable, but by force, and that the plaintiff was practically "put out." The statute was made to govern such a case. Before the enactment of the statute, in England and here, if a stranger with no right should enter and hold possession of the lands of another, that other might in turn enter and retake possession, and that without any legal process, but by force of his own hands. "But this was found very prejudicial to the public peace, and it was thought necessary by several statutes to restrain all persons from the use of such violent methods even of doing themselves justice." 4 Blackstone, p. 148.

So here, if the defendant entered with force and held the lot and buried his dead there, the plaintiff had no right to retake the lot by like force, but was remitted to the remedies prescribed by law.

Section 4064 of the Code defines the offense of forceable entry, and sections 4068 and 4069 provide a civil remedy for such wrongs.

There was testimony tending to show that the defendant entered the lot in issue with a strong hand. The keeper of the cemetery told the defendant he did not want to dig a grave on the lot for the defendant's use, for he was told the lot was plaintiff's. The defendant answered, "Well, I will be damned if I ain't going to have it dug if you cannot dig it." And the grave was dug and interment made in it.

9—101

It is not worth while to ascertain the legal effect of the fact if the defendant "put out peaceably" the plaintiff, and "afterwards hold her out with strong hand." The allegation and proof is that force was used to enter and hold, and we shall confine the inquiry to that transaction.

The defendant stoutly contends (1) that a cemetery lot does not fall within the statute; and (2) the plaintiff's right to sue depends upon her actual possession of the lot. The plaintiff held her lot by a deed, "in the usual form and sufficient to convey to the grantee a fee simple estate in the lot described."

The statute is broad enough to protect such a holding; it prohibits the forceable entry into lands and tenements. If the plaintiff's right is only an easement, yet that does not limit her right to enjoy it free from molestation, the same as if she held in fee. *Hertle* v. *Riddle,* 127 Ky. 623, 106 S. W. 282, 128 Am. St. Rep. 364, 15 L. R. A. (N. S.) 796.

But it was held in a late case in this State that under a deed like the plaintiff's, she becomes the owner of the soil, qualified, it is true, by a possible change in the status, as was the event in that case.

"When a cemetery association sells particular lots in a cemetery, the purchaser becomes the owner of the soil, and manifestly his right to its possession protects interments made by him from disturbance." *Ex parte McColl,* 68 S. C. 491, 47 S. E. 974.

The plaintiff has only the possession that it is possible to have of a cemetery lot. There could be no *pedis possessio* in the very nature of the case; but if such a possession be necessary, then it was present in the case at bar, for the keeper of the cemetery was present at the forceable entry and protested against it; his possession was that of the plaintiff. 19 Cyc. 1115.

In a criminal prosecution for forceable entry there might be need of stricter proof both of the possession and the entry, but the pleadings and proof here bring

this case within the letter of the civil remedy prescribed by the statute law.

Most of the cases in this State on the subject of forceable entry have arisen on the criminal side of the Court. They are reported as follows: *State* v. *Speirin,* 3 S. C. L. (1 Brev.) 119; *State* v. *Cargill,* 2 S. C. L. (2 Brev.) 114; *State* v. *Bennett,* 16 S. C. L. (Harper's L.) 503; *State* v. *Bates,* 87 S. C. 531, 70 S. E. 170; *Delaine* v. *Alderman,* 31 S. C. 267, 9 S. E. 950.

Before proceeding to discuss the next and last issue, and reverting to the character of the action made by the pleadings, it may be that the complaint stated *also* an ordinary case of trespass, for it alleged the act of entry was wilful; and the plaintiff claimed, under the Judge's charge, exemplary damages therefor. And for such acts as were proven, trespass lies.

The defendant's proper remedy was to have demanded of the plaintiff, before or at the trial, to know what flag he fought. We shall again revert to the feature of trespass when we come to consider the verdict.

(2) The second issue made by the exceptions has reference to the admission and the exclusion of testimony.

There was a contended illegal admission in two instances, and a contended illegal exclusion in one instance.

The plaintiff did not have or did he offer in evidence the deed from the Elmwood Cemetery Company to the Randolph Cemetery Company, plaintiff's grantor; she offered in place of it the book from the office of register of mesne conveyance, whereon the original had been spread according to law.

There was no proof, aside from that record itself, that such a deed had aforetime existed, and was lost. The proof of the deed's existence by the record of it alone, does not bring the case within the rule announced in the *State* v. *Croker,* 49 S. C. 242, 127 S. E. 49. The reord of a deed does not prove the existence of the deed, unless its exist-

ence cannot be better shown; for the best evidence of the deed is the paper itself, and the secondary evidence of it, to-wit, the record, is only allowable when the best cannot be had.

There ought, therefore, to have been *some proof* aside from the record, that such a deed had existed but could not be found.

But the proof of such a deed was not necessary for two reasons: (1) The plaintiff was entitled to stand on her possession, without proof of title, and (2) the defendant undertook, without right, as shall hereinafter appear, to justify his conduct by a deed from the Randolph Cemetery Company, a common source with the plaintiff; and it was therefore irrelevant how the Randolph Cemetery Company got title.

The next contended incompetent evidence was the allowance of Clark's testimony about the defendant's words quoted above. Clark was the grave digger, and it was to him defendant expressed the determination to dig a grave there or be damned. It matters not that the words were not uttered to the plaintiff; the issue was did the defendant enter with force; and that could be proved by any witness who saw the exercise of force.

(3) The Court next excluded the testimony of a negro named Tom Green, who undertook to testify to a deed from the Randolph Cemetery Company to his mother, for he, as her heir at law, had conveyed to defendant. Such exclusion is challenged on two grounds, first that the testimony was competent, and second that by its exclusion the Court judged of the facts of the case.

Green testified that he had seen a deed from the Randolph Cemetery Company to his mother, and he named the witnesses on it, and he gave some account of its contents.

But on cross-examination, true to his racial instincts, he testified that he could *not read*. The Court thereupon ruled

his testimony incompetent, and instructed the jury to pay no heed to it.

The circumstance that he contradicted himself did not exclude him as a competent witness; it went to his credibility before the jury, and not before the Court.

And when the Court told the jury to disregard what Green said, it invaded another province than its own and one reserved alone for the jury.

But it was not allowable for the defendant to excuse his forceable entry by proof of title in himself; if he had title, and the plaintiff would not let him in, his way to get in was through the law, and not by forceable entry. *State* v. *Bennett, supra.* ·

The statute was enacted to require people to settle their dispute about land, not by their own force, but by the peaceable process of the law.

Proof that the forceable entry was justified by the wrongdoer's title, would circumvent and defeat the beneficent objects of the statute; it would enable a man to violate the law and then justify the act.

(4) The last and most serious issue is the amount of the verdict and the elements of it.  The statute provides, "if the party aggrieved *recover* in such action, and it be found by verdict * * * that the party defendant entered with force into the lands and tenements, * * * the plaintiff shall recover treble damages."  Section 4069.

The preceding section gave "an action" to the plaintiff; and the recovery therein is damages, of course.   When such damage has been ascertained, the statute trebles it.

But in the instant case the Court charged the jury the meaning of exemplary damages; and told the jury such damages might be awarded in this case in the event wilfulness was made out.   The Court then instructed the jury to express its verdict as "single damages."

When, therefore, the jury found $400.00 single damages, there is warrant to conclude that it contained both actual and exemplary damages; indeed, the testimony, the instruction and the amount of the verdict excludes any other conclusion.

If that be so, then the Court thereafter instructed the jury to treble that; which was to mount treble damages upon exemplary damages. Plainly the plaintiff may not have that. We think, nevertheless, the verdict for $400.00 may stand if the plaintiff so elects.

If the plaintiff shall so choose the defendant cannot complain thereat, for the proof made a case for exemplary damages, whether termed that or termed treble damages, but not for both as computed.

Our judgment, therefore, is that there shall be a new trial and the judgment shall be set aside, unless the plaintiff shall remit on the record within twenty days after the filing of this opinion all of the verdict over and above four hundred dollars, such remission to be reckoned from the date of the judgment.