10299

SEASE *ET AL.* v. BARNWELL LUMBER CO.

(101 S. E. 567.)

TRESPASS—STATUTE AS TO TREBLE DAMAGES IN FORCIBLE DETAINER INAPPLICABLE.—Civil Code 1912, sections 4068, 4069, relating to treble damages for forcible disseizing or detaining of land, do not apply to an action for damages for trespass by a lumber company in entering and cutting timber, where the plaintiff is in quiet possession of his real estate.

Before McIVER, J., Barnwell, Spring term, 1919. Affirmed.

Action by Arthur S. Sease and others against the Barnwell Lumber Company. Judgment for plaintiffs, and defendant appeals.

*Mr. A. H. Ninestein,* for appellant, submits: *That under the allegations of the complaint the acts of the defendant, if true, come clearly within section 4069, of vol. I, Code of Laws, which says, "In case of recovery, the plaintiff to have treble damages, etc.," and it was error for the Judge to charge the jury that defendant was liable, not only for actual damages, but for such additional damages as the jury, in its wise discretion and judgment, should think proper and necessary.*

*Mr. Chas. Carroll Simms,* for respondents (no citations).

December 22, 1919.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This is an action for damages, resulting in a verdict for the plaintiff in the sum of $2,500.

The complaint is as follows:

"(1) That at the time hereinafter mentioned, the plaintiffs were, and are now, tenants in common in the following described tract of land, situate, lying, and being in the State and county aforesaid, to wit: * * *

"(2) That heretofore, to wit, upon the —— day of ——, A. D., the defendant above named, a corporation existing under the laws of S. C., by its servants and agents, wilfully, wantonly and without the consent of the plaintiffs, broke and entered in and upon said tract of land; erected tramroads upon which this defendant operated tram railroads; cut down all of the said timber and with other machinery and wagons, trampled upon said lands; destroyed all of the under brush; made roads through the said tract of land and wilfully, wantonly, and feloniously removed said timber from said lands; and converted the same to its own use and benefit.

"(3) That the conduct of said defendant, by its servants and agents, was high-handed and wrongfully done over the objection of the plaintiffs, who had refused them the per-

mission and declined to sell the said timber to the said defendants, and by reason of the acts of the said defendant, aforesaid, in its entering plaintiffs' close, trespassing thereon, destroying the undergrowth, erecting their tramroads and other roads, removing said timber, and otherwise depredating upon said premises, although forbidden by the plaintiffs and without the right, these plaintiffs have been damaged in the sum of $5,000."

The following is the defendant's answer:

"(1) That it denies each and every allegation of the complaint.

"For a further defense this defendant alleges:

"(1) That if timber was cut upon the lands of plaintiff, it was not done in the manner set forth in paragraph 2 of the complaint, but was done under the belief that the plaintiffs were anxious for this defendant to have said timber, and that a fair and reasonable price would be agreed upon, and which this defendant is now and has been at all times willing and ready to pay."

The defendant appealed upon the following exceptions:

"(1) Because the Court erred in allowing the witness, Arthur H. Sease, to testify that the land in question, on which timber was cut, was worth $30 or $40 per acre; whereas, the Court should have confined the plaintiff to the proof of the stumpage value of the trees cut on the premises.

"(2) That the Court erred in not allowing defendant's attorney during the course of examination of the witness, Duncan, who was a witness on behalf of plaintiff and who was allowed to testify as to what he paid for timber, the right to examine the witness as to prices generally that were paid for timber in the vicinity where this land was located; the error being that it was competent to show the general value of the stumpage value, in the vicinity where this trespass took place, as by showing the values it would guide the jury in arriving at the true value of the damage done.

"(3) That the Court erred in not confining the jury, in rendering the amount of damages the plaintiffs were entitled to, under section 4069 of the Code, as the complaint and the proof show beyond all peradventure that the case comes clearly under the section aforesaid.

"(4) Because the Court erred in allowing testimony to prove general values of land, and not confining the jury to the actual stumpage value, under section 4069 of the Code, and that the jury was deprived of the right to find the actual stumpage value and then assess triple damages, as is provided by law in cases of this kind.

"(5) Because the Judge's charge to the jury was not in accordance with the law and facts of this case, in that the Court refused to charge under section 4069 of the Code, therefore making his charge misleading as to the law governing the complaint and testimony of this case. The jury, therefore, was not charged the law at all applicable on the law and facts, which should have been given under the pleadings and facts proven."

Section 4068 of the Code of Laws is as follows:

"If any person be put out or disseized of any lands or tenements in forcible manner, or put out peaceably, and be afterwards holden out with strong hand, or, after such entry, any feoffment or discontinuance in any wise thereof be made, to defraud and take away the right of the possessor, the party grieved in this behalf shall have an action against such disseizor."

Section 4069 of the Code of Laws is as follows:

"If the party grieved recover in such action, and it be found by verdict, or in other manner by due form of law, that the party defendant entered with force into the lands and tenements, or, after his entry, did hold them with force, the plaintiff shall recover treble damages against the defendant."

After quoting these two sections, the Court, in *DeLaine v. Alderman*, 31 S. C. 267, 9 S. E. 950, said:

"We do not think that this action can be maintained under these provisions of the law of 'forcible entry and detainer.' There has been no 'disseizin' here. The defendant is holding forcibly no part of the plaintiff's land, but, .on the contrary, the plaintiff is in quiet possession of all his real estate."

That decision shows conclusively that the foregoing sections are not applicable to the present case.

All the exceptions were dependent upon this question.

Affirmed.