10468

DuPRE v. TILGHMAN LUMBER COMPANY.

(108 S. E. 526.)

1. Forcible Entry and Detainer—Entry Without Force to Cut Timber Will Not Support Action.—Entry upon land for the purpose of cutting and removing timber merely would be only trespass, and would not be sufficient to sustain an action of forcible entry and detainer, under Civ. Code 1912, secs. 4068, 4069.

2. Dismissal and Nonsuit—Refusal to Reinstate Cause of Action After Nonsuit Held Error.—Where complaint contained two causes of action, one for forcible entry and detainer, and the other for wilful and malicious trespass, and plaintiff elected to go to trial upon the cause of action for forcible entry and detainer, and no force was shown, and a motion for nonsuit was granted, Court erred in refusing to grant plaintiff's motion to reinstate the cause of action for trespass.

Before McIver, J., Marlboro, Summer term, 1919. Modified.

Action by Samuel DuPre *et al.* against Tilghman Lumber Company for damages to real property. From order of nonsuit, plaintiffs appeal.

*Messrs. Townsend & Rodgers,* for appellants, cite: *Action for forcible entry and detainer was brought under sections 4064-4072, 1 Civil Code. Man cannot advance his legal claim by entry, but ought to bring his action. The purpose of the statutes in regard to forcible entry and detainer being to require people to settle their disputes about land, not by their own force, but by the peaceable process of law:* 1 Brev. 120; 101 S. C. 129, 133. *But force may be used to gain possession if it could not otherwise be gained:* 1 Brev. 120. *Proof here sufficient to bring the case within the civil statutes:* 101 S. C. 130. *Every unlawful entry upon the possession of another is in law a forcible entry, but the possession must be actual and not constructive:* 3 Brevard 413; 87 S. C. 531. *Not necessary to constitute forcible entry that it be with a multitude of people:* 87 S. C. 531. *Proof that agent is in possession is sufficient to support suit of forcible entry and detainer in the name of the principal:* 10 Cal. 107.

*Messrs. L. D. Lide* and *H. S. McCandlish,* for respondents, cite: *Plaintiffs' case rests upon sections 4068-4069, 1 Civil Code. What constitutes entry and detainer:* 87 S. C. 527. *Entry to cut and remove timber without objection*

*does not amount to such disseizin as would support action for forcible entry and detainer:* 101 S. E. 567; 31 S. C. 267; 101 S. E. 646; 9 Mo. 301. *In this case there was no actual ouster as in 101 S. C. 125. Law requires actual possession as distinguished from constructive possession to support action of forcible entry and detainer:* 3 Brevard 413. *Action should be brought by person in actual possession, and plaintiffs were not in such possession:* 19 Cyc. 1140; 11 R. C. L. 1148.

June 28, 1920.

The opinion of the Court was delivered by Mr. Justice Watts.

This is an action brought by the plaintiff against the defendant for cutting and removing the timber. The complaint contains two causes of action, one for forcible entry and detainer, and the other for wilful and malicious trespass. When the case was called for trial before Judge McIver, and a jury, plaintiffs' counsel announced that they would go to trial upon the cause of action for forcible entry and detainer. At the conclusion of the evidence for the plaintiffs, defendant moved for a nonsuit on the ground, practically, that there was no evidence to sustain the action for forcible entry and detainer. This motion was granted, and plaintiffs appeal.

The exceptions complaining of his Honor in granting the nonsuit which are 1, 2, 3, and 4, must be overruled. The evidence in the case does not show any force used for entry and detainer, and there is no allegation in the complaint to that effect, and the plaintiffs' evidence fails to make out a case of forcible entry and detainer under Code of Laws 1912, vol. I, secs, 4068 and 4069, and under the decisions of the Court in *DeLaine v. Alderman,*

31 S. C. 267, 9 S. E. 950; *State v. Bates,* 87 S. C. 527, 70 S. E. 170, and *Sease v. Barnwell Lumber Co.,* 113 S. C. ——, 101 S. E. 567.

The entry upon the land for the purpose of cutting and removing timber merely would make the defendant a trespasser only, and would not be sufficient to sustain an action of forcible entry and detainer.

The law of trespass provides a remedy for an unlawful entry, cutting and removing timber. As to the fifth exception, the plaintiff had elected to go to trial upon the cause of action for forcible entry and detainer, and after nonsuit was granted he moved to reinstate the cause of action for trespass, which was refused, We think plaintiffs should have been allowed to do so, provided the case should be continued or then tried if the other side consented.

The order of nonsuit appealed from is modified, and the case remanded for trial of the cause of action for trespass *quare clausum fregit* or if plaintiffs see fit to apply to the Circuit Court for an order amending the cause of action.

Affirmed.