11920

### BROWN v. SOUTHERN RAILWAY COMPANY

(131 S. E., 681)

1. FORCIBLE ENTRY AND DETAINER—BREAKING FENCE BY RAILROAD, ALLOWING ADJOINING LANDOWNER'S CATTLE TO ESCAPE, HELD NOT FORCIBLE ENTRY AND DETAINER, PERMITTING TREBLING OF DAMAGES (CODE CIV. PROC. 1922, §§ 833, 838).—That railroad company dug well on its right of way, and in doing so broke down fence, allowing adjoining landowner's cattle to get out and damage his oats, *held* not forcible entry and detainer, under Code Civ. Proc. 1922, §§ 833 and 838, so as to permit trebling of damages.

2. RAILROADS—RAILROAD DIGGING WELL ON RIGHT OF WAY RESPONSIBLE FOR INJURIES TO LANDOWNER FOR NEGLIGENCE.—Although railway company had right to enter upon right of way and tear down fence while digging well thereon, it was its duty to do so with due regard to rights and interest of landowner, and if done in negligent manner, it is responsible in damages for injuries to landowner.

Before WHALEY, J., Richland, May, 1925. Reversed in part.

Action by J. F. Brown against the Southern Railway Company. From an order trebling the verdict for plaintiff, and from the judgment entered or to be entered, de-

fendant appeals. Order trebling amount of verdict reversed, with directions to enter judgment on original verdict.

*Messrs. Frank G. Tompkins* and *Heyward Brockington,* for appellant, cite: *Forcible entry and detainer prohibited: penalties:* Code Civ. Proc. 1922, Secs. 833, 837 and 838. *Forcible entry a crime at common law:* 14 S. C., 344; 1 Brev., 123. *Plaintiff in action for forcible entry must have exclusive possession:* 26 C. J., 817. *What amounts to forcible entry:* 114 S. C., 369; 101 S. C., 125; 87 S. C., 567; 31 S. C., 367; 3 Brev., 413; 2 Brev., 445.

*Messrs. DePass & DePass* and *Alfred Wallace, Jr.,* for respondent, cite: *Entry by defendant not peaceable:* 101 S. C., 125; 85 S. E., 241. *Benefit must be taken before trial of uncertainty in pleadings:* 101 S. C., 125; 85 S. E., 241. *Damages found by jury trebled by statute:* 101 S. C., 125; 85 S. E., 241; Code Civ. Proc., 1922, Sec. 838. *Forcible entry is tort against right of possession:* 109 S. C., 444; 96 S. E., 188; 101 S. C., 125; 85 S. E., 241; 87 S. C., 527; 70 S. E., 170. *What amounts to forcible entry:* 4 Brev., 415.

February 11, 1926.

The opinion of the Court was delivered by Mr. Justice Cothran.

The case contains the following statement:

"This was an action in the Richland County Court, begun by the service of a summons and complaint, on March 10, 1925, asking for $3,000 damages on account of alleged damages to a tract of land owned by the plaintiff, which land extended along the tracks of the defendant, embracing its right of way, due to the fact that the defendant had dug a well which was said to breed mosquitoes on the said land, and had broken down a fence which the plaintiff had erected on said land, thereby allowing plaintiff's cattle to get out and onto plaintiff's oats, damaging same.

"The defendant answered, setting up the fact that the defendant was not the owner in fee of any land at the point in question extending within 65 feet from the center of defendant's tracks, as the defendant owned a railroad right of way for 65 feet on each side of the center of the tracks. The defendants admitted that it did dig a well on its right of way for railway purposes at or near the point here in question, and removed such obstructions as were necessary in order to construct the same, but alleged that any obstructions which were there were there in violation of defendant's rights, and without any authority therefor. Defendant further alleged that it made only such use of its right of way as was consistent with its title to the same.

"The case came on to be heard before his Honor, Judge M. S. Whaley, and a jury on May 15, 1925. At the close of plaintiff's testimony, the defendant moved for a nonsuit, and the Judge refused the same, citing South Carolina Statutes, Vol. 11, Acts of 1846, pages 415, 421, and 422, especially Sections 17 and 18. At the close of all the testimony a motion was made by defendant for a direction of verdict, which motion was refused as to the negligence of the railway in removing the fence, but granted as to the title of defendant to 65 feet on each side of the center of its track as a right of way for railroad purposes, and the case was allowed to continue only on the question as to whether the defendant had wrongfully broken the fence and caused damage to plaintiff's oats. The attorney for the plaintiff then requested the Judge to charge the jury that any amount of damages which they found due the plaintiff should be trebled under Sections 833 and 838 of the Code of Civil procedure 1922. This the Judge refused to charge, and the case was then submitted to the jury, who returned a verdict of $35.00 actual damages in favor of the plaintiff.

"On May 16, 1925, the plaintiff made a motion to have the damages trebled under the statutes above named, and

the Judge, after hearing argument of attorneys *pro* and *con,* rendered an order trebling the judgment as requested, and ordering the plaintiff to have leave to enter judgment for $105.00.

"From the orders, rulings, and judgments entered or to be entered defendant duly served notice of appeal, and later the case was duly settled, and now comes on to be heard under such appeal."

From the ruling of the presiding Judge it is clear that the facts did not present a case of forcible entry and detained under Sections 833–838, Code of Civil Procedure:

"Mr. Foreman and gentlemen of the jury, I have narrowed the issues in this case very much. I have ruled that the Southern Railway is entitled to 65 feet on each side of the railroad company's tracks. The railroad company had a right to dig this well and to move the fence off any part of the right of way if they saw fit. There is only one question left to you, gentlemen, and that is, in moving that fence did they use ordinary care to keep the cattle off? They knew the cattle was in there to get out. They knew, or should have known, the cattle was in there, and they should have used due care to prevent them from getting out and destroying plaintiff's crops, or damaging plaintiff's crops. That is the only issue left to you— whether that care was used. If not, was there any damage resulting from it?"

If, as a matter of law, thus ruled by the presiding Judge, and of which there can be no doubt, the railway company had the right to enter upon its own right of way, the fee of which was in the plaintiff, for the purpose of digging a well, a legitimate function, in the absence of force, intimidation, or breach of the peace, their conduct could not have amounted to the criminal act denominated "forcible entry and detainer." *State v. Cargill,* 2 Brev., 445. *Burt*

*v. State,* 3 Brev., 413. *De Laine v. Alderman,* 9 S. E., 950; 31 S. C., 267. *State v. Bates,* 70 S. E., 170; 87 S. C., 527. *Vance v. Ferguson,* 85 S. E., 241; 101 S. C., 125. *Sease v. Barnwell,* 101 S. E., 567; 113 S. C., 105. *Baxley v. Barnwell,* 101 S. E., 646; 113 S. C., 109; and *DuPre v. Tilghman,* 103 S. E., 526; 114 S. C., 269.

Although the railway company may have had the right to make such entry, it was their duty to do so with due regard to the rights and interest of the landowner. If it was done in a negligent manner, causing injury to the landowner, they would be responsible in damages. That is the only question which was submitted to the jury, and they responded with a verdict for $35.00 actual damages, negativing any ill purpose or conduct on the part of the railway company. The presiding Judge had no authority either upon the facts or upon the verdict to pass the order appealed from.

The judgment of this Court is that the order trebling the amount of the verdict is reversed, the verdict for $35.00 standing, and upon it judgment may be entered.

Messrs. Justice Watts, and Messrs. Acting Associate Justices Marion, R. O. Purdy and C. J. Ramage concur. Mr. Chief Justice Gary did not participate.