## McDonald v. Union Pac. Ry. Co.

*(Circuit Court, D. Colorado. May 3, 1888.)*

NEGLIGENCE—DANGEROUS PREMISES—TRESPASSER.

The complaint alleged that defendant company, in operating its coal mine, sank a shaft, and threw out a pile of slack, (on its own ground;) that the slack caught fire, and smouldered for a long time, until the pile sank to the surface of the ground, on the top nothing appearing but lifeless ashes, but there being live coals underneath; that this slack was contiguous to a town of 700 inhabitants; that it was not fenced in, and that no notice was posted to warn persons of the danger; that plaintiff, a boy 12 years of age, and a stranger in the town, being threatened by some miners, and fleeing from them, ran across the slack, supposing it to be nothing but ashes, and was severely burned. *Held*, that the complaint was demurrable, defendant having a right to put the slack on its own ground, and plaintiff being a mere trespasser.[1]

At Law. On demurrer to complaint.

*C. S. Thomas*, for plaintiff.

*Willard Teller*, for defendant.

BREWER, J. In the case of *McDonald* against *The Union Pacific Railway Company* there is a demurrer to the complaint. The complaint alleges that the defendant railway corporation owns and operates a coal mine in the town of Erie; that it sank a shaft, and in the prosecution of its work threw out a pile of slack; that that slack caught fire, or was set on fire, and smouldered for a long time, till the pile sank to the surface of the adjacent soil. On the top appeared nothing but lifeless ashes; underneath there were live coals. This plaintiff, a boy of 12 years of age, a stranger in the town, was threatened by some miners, and, fleeing from them, ran across this slack, thinking it nothing but ashes. The moment he put his foot on it he sank into the hot coals, and was burned. For that injury he sues the railroad company.

[1] Respecting the subject of dangerous premises, and the liability for injuries sustained by those who are expressly or impliedly induced or allured thereon, see Oil-Mills Co. v. Coffey, (Ga.) 4 S. E. Rep. 759, and note; Nichols' Adm'r v. Railroad Co., (Va.) 5 S. E. Rep. 171; Splittorf v. State, (N. Y.) 15 N. E. Rep. 322; Clarke v. City of Richmond. (Va.) 5 S. E. Rep. 369; Railway Co. v. Barnhart, (Ind.) 16 N. E. Rep. 121.

Of course, the fact that the defendant is a railroad company cuts no figure in this case. The wrong complained of is in its operations, its works at the mine; and the case stands just as though the defendant was an individual who had a coal mine, threw out a pile of slack, and left it. It is further alleged that this slack was contiguous to the town of Erie, a place of about 700 inhabitants; that it was not fenced in; that no notice, placard, or anything was placed to warn persons against the danger, and that to the eye it appeared as a mass of lifeless ashes. But was there any negligence in that for which the defendant could be held liable? The slack was thrown on its own ground. The court must take judicial notice of the ordinary operations of a mine, how customary it is when a shaft is sunk to throw the refuse one side. That was what was done here. An attempt is made to bring it within the rule laid down by the supreme court in the *Stout Case*, 17 Wall. 657, where a railroad company left a turn-table insecure, unfastened, and boys came around, and, playing with it, one of them was injured; and it was held that there was a question of fact which must be submitted to a jury as to whether there was or was not negligence in thus leaving the turn-table on its own ground insecure. There was one significant fact in that which all men must take notice of, and that is the temptation which anything of that kind is to boys. They are attracted by such an instrument; like to see it turn; like to ride on it. The railroad company, like everybody else, must take notice that such an instrument as that is a temptation, and likely to attract boys of tender years, who are ignorant of the dangers that surround it. But what temptation is there in a pile of ashes? Would anybody anticipate that a boy, even of tender years, would be attracted by a pile of ashes, an ash heap of any shape? It is true, this boy, frightened by others, and fleeing, ran across it, or attempted to run across. So he would if there had been a pile of manure, instead of ashes, or anything else which did not on its face warn him of danger, or discourage him from attempting to cross. Assuredly no individual would anticipate, or could be expected to anticipate, that there was anything in a pile of ashes any more than in a manure heap which would attract boys and lead them to play about it, or get into trouble from it. A person who, without business or invitation or permission, goes onto the ground of another, is a trespasser. One that thus went on the mining property was a trespasser. There was no implied license, no implied invitation to this boy to come there, nothing to attract him to this ash heap. It seems to me that it cannot be charged against the defendant that it was guilty of any negligence in leaving this pile of ashes without a fence, or without a notice, warning persons not to step upon it. The boy cannot be classed as one absolutely of tender years. He was 12 years of age. Of course, a boy at that time of life has not the experience and judgment of one of maturer years, but he is not like a child of two, three, four, or five years, without any experience, without any judgment. He cannot be called in reference to a matter of this kind, running away from boys who were frightening him, a mere child of tender years in the purview of the law. So upon the facts as stated, and there being no other facts

than these, it seems to me very clear that the defendant cannot be charged with negligence in leaving an unfenced ash heap adjoining its coal shaft. The demurrer will be sustained.