## 9160

### WHITNER v. SOUTHERN RAILWAY CO.

#### (85 S. E. 1064.)

RAILROADS—MAINTENANCE OF CROSSINGS.—In an action for injuries to plaintiff's automobile sustained in driving over a railroad track on an abandoned crossing which the public had no right to use, on account of the rails not being on a level with the road, a nonsuit was properly granted. Neither sec. 1964 nor 3288 of the Civil Code requiring the railroad to maintain, guard or protect a crossing at such place. The railroad there owed the traveler no duty, other than not to wilfully injure him.

Before SHIPP, J., Greenville, October, 1915. Affirmed.

Action by Charles H. Whitner against Southern Railway Company. From order of nonsuit, plaintiff appeals on the following exceptions:

It is respectfully submitted that the presiding Judge erred in granting the motion for a nonsuit, in the following particulars:

1. In holding that W. T. Henderson agreed to build an overhead bridge.

He should have found that under the testimony the defendant offered to build a bridge over the cut if Henderson would pay half of it, and that Henderson agreed.

2. In holding that this was not a public road because it had not been used for twenty years.

He should have held that where a person offers his land to the public and sells lots which can only be reached by a road for which he has acquired the right of way, opened and dedicated to the public, that it becomes as much a public road as though it had been in use for twenty years.

3. In holding that the case of Moragne against the Railway Company establishes the doctrine that even if the road in question was a neighborhood road that section 3288 of volume I of the Code of Laws would not apply.

He should have held that said case goes no further than to hold that section 3288 does not apply to private ways.

4. In holding that the road originated in a trespass, and therefore the public could acquire no right until after twenty years' use.

He should have held that it was not a trespass for Henderson to cross the railroad.

5. In holding that section 1964 of volume I does not apply to private ways and that the road in question was a private way.

He should have held (first) that the road was a public road; (second) but even if it was not that the section includes all roads or ways except public highways.

6. In holding that section 1964 is unconstitutional under the Moragne case or otherwise.

He should have held that section 1964 was not before the Court in the Moragne case, and it was not intended by the language used by the Court to declare section 1964 unconstitutional.

7. In holding that the defendant was not liable by statute for failure to keep the crossing safe.

: It should have been left to the jury to decide the amount of damages. The testimony tended to show that the crossing had been made safe for persons to cross and the defendant had thrown out planks and timbers, and thereby made it dangerous.

*Mr. Wm. G. Sirrine,* for appellant, submits: *This was a neighborhood road, dedicated to the public when lots on it were sold:* 9 A. & E. Enc. of L. 21, 22, 34; 77 S. C. 437, 438; 54 S. C. 299; 2 Strob. 63. *Civil Code, sec. 1964, applies.*

*Messrs. Cothran, Dean & Conthran,* for respondent, distinguishes: 63 S. C. 494; 77 S. C. 437; 94 S. C. 105.

August 14, 1915.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action instituted by the plaintiff for $800 damages, sustained by the plaintiff's automobile while attempting to cross the defendant's railroad track at a point near the city of Greenville, alleged to be a crossing commonly used by the public, and which was in defective condition on November 2, 1913, when alleged damage occurred. The case was tried before Judge Shipp at Greenville, S. C., October term, 1914, and resulted in a nonsuit, from which plaintiff appeals and by six exceptions seeks reversal. These exceptions practically raise but one question, and that is, that the Circuit Judge was in error in finding and holding from the testimony that at the time the plaintiff sustained injury to his car the road was not such a one as to impose upon the defendant the duty to provide or maintain a crossing at the point in question. The testimony established beyond question that even if the road ever existed at this point as an attempted private way it had been abandoned at the time the plaintiff sustained damage, and at no time

was it a public road, as no part of the road had been turned over to the county until after the bridge was built. It was not a private road or neighborhood road, for it had not been used by the public adversely, openly, notoriously and consecutively for twenty years or more; because Henderson says in his testimony that they bought the property in 1913, and during the spring of that year they started to improve and sell the property; then they got permission from Gwynn and built the road. The railroad objected to the crossing being put there as it was dangerous, and Henderson agreed that it was dangerous, and the railroad would not permit the crossing to be put there, but agreed to pay half for an overhead bridge, which was assented to by Henderson. The crossing as it then existed was torn up by the railroad authorities, and before the overhead bridge was completed at a different place at the joint expense of Henderson and the railroad the damage to plaintiff's car occurred. The plaintiff was where he had no right to be, and at a place where the defendant under no view of the case owed him any legal duty other than not to wilfully injure him. Neither under *Moragne* v. *Railroad Co.,* 77 S. C. 437, 58 S. E. 150, or *Miller* v. *Railway,* 94 S. C. 105, 77 S. E. 748, is such a case made out as required the defendant to maintain this crossing. All exceptions are overruled.

Judgment affirmed.