### 11433

### O'DELL v. SOUTHERN RAILWAY COMPANY
(121 S. E., 599)

RAILROADS—RAILROAD NOT LIABLE FOR FAILURE TO GUARD CANAL OWNED BY ANOTHER NEAR FREIGHT DEPOT.—Where a canal or millrace owned by another was only about twenty feet from defendant's freight depot, defendant was not liable for failure to guard it, resulting in plaintiff's horse backing into it and drowning.

Before SEASE, J., Union, May, 1923. Reversed and dismissed.

Action by F. H. O'Dell against Southern Railway Co. Judgment for plaintiff and defendant appeals.

*Messrs. Frank G. Tompkins* and *DePass & Wrightson,* for appellant, cite: *Contributory negligence on the part of plaintiff as matter of law:* 29 Cyc., 506; 24 Cyc., 527.

*Mr. John K. Hamblin,* for respondent, cites: *Defendants negligence:* 84 S. C., 205; 2 Redfield Law of Railroads, 243; 6 C. B. (N. S.), 923; 23 A. L. R., 751; 67 Eng. C. L., 393; 51 Mich., 601. *Use of defective highway with knowledge not negligence:* 78 S. C., 132; 57 S. C., 338; 85 S. C., 304.

March 3, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

"This action was commenced on September 25, 1922, and was tried before a jury at the May term of Court, 1923. This suit was brought by the plaintiff to recover the value of his horse which was drowned, and damages to his wagon as a result of his horse backing into a canal near the defendant's depot at Lockhart, S. C. The plaintiff alleges in his complaint that there was a much frequented and traveled road or highway leading by the depot of the defendant at Lockhart, which the public used for the purpose of receiving freight from the depot of the defendant; that adjacent to said highway and depot there was a canal extending by the depot parallel to the public road; that plaintiff drove his horse to the depot on May 6, 1922, for the purpose of receiving freight, and while he was making the necessary arrangements for that purpose his horse backed into the canal, which was only a few feet from the freight depot of the defendant, and that as a result of same his horse was drowned and his wagon broken, to his damage in the sum of $200.00. The complaint alleges that the damage and loss aforesaid were directly due to and proximately caused by the negligence, carelessness, and willfulness of the defendant in the following particulars:

"(a) In that the defendant failed to keep any guard rails or other means of protection so as to prevent persons or animals from falling into said canal, which said canal

was in close proximity to defendant's freight depot and yard.

"(b) In failing to take any steps or precautions whatever to protect the public or travelers from falling into said canal.

"The defendant set up in its answer: First, a general denial, and, second, contributory negligence on the part of the plaintiff in the following respects:

"(a) In leaving his horse unattended.

"(b) In failing to block his horse or securely hitch horse before leaving him.

"The defendant moved for a nonsuit and directed verdict, as hereinafter stated, and the same were refused. The jury found a verdict for the plaintiff in the sum of $175.00. The defendant thereafter moved for a new trial on the ground that the defendant was entitled to a directed verdict, at which time the presiding Judge granted a new trial, unless the plaintiff would remit $50.00 of the verdict, to which the plaintiff agreed. This appeal is from the presiding Judge's ruling in refusing a nonsuit or directed verdict."

The first exception must be sustained. The evidence in the case fails to show that the Southern Railway Company was guilty of any actionable negligence on their part or in any manner contributed to respondent's loss. The canal or millrace was not owned by the railway, but by the Lockhart Mill Company. The depot of appellant is near this canal, but between the platform and canal there is a space of 20 feet. Under all of the evidence and circumstances in the cause, the respondent is not entitled to recover. The judgment of this Court is that the judgment be reversed and the complaint dismissed.

MESSRS. JUSTICES FRASER, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.