## 12051

### KERSHAW MOTOR CO. v. SOUTHERN RY. CO. *ET AL.*

#### (134 S. E., 377)

1. Railroads.—Railroad, owning easement, has right to use right of way for railroad purposes only, owner of fee being entitled to make any use of it consistent with railroad's use for railroad purposes.

2. Railroads.—Railroad owes trespasser no duty, except not to willfully or wantonly injure him.

3. Railroads.—Person on railroad track, where public has not acquired right to travel, is trespasser.

4. Negligence.—Violation of legal duty is essential element of negligence.

5. Negligence.—Injuries must be natural, proximate, and direct result of negligence or there is no liability.

6. Railroads.—In absence of statute, railroad had no duty to fence tracks on right of way.

7. Negligence.—Legal duty, breach of which is essential to negligence, is that which law requires to be done or forborne to determinate person or public at large.

8. Negligence.—Landowner is not liable for injuries from unsafe condition of land to person who was not at or near place of accident by lawful right, or by invitation, expressed or implied.

9. Negligence.—Unless contrivances are placed on premises with intent to hurt intruders, owner is not liable for injuries therefrom, or from prosecution of business in which he had right to engage.

---

Note: Uses to which railroad right of way may be devoted as against the owner of the fee, see note in 36 L. R. A. (N. S.), 512; 22 R. C. L., page 863; 3 R. C. L. Supp., 1291.

Duty of owner of premises to protect licensee against hidden danger, see 6 R. C. L., page 862, *et seq.;* 2 R. C. L. Supp., page 234; 4 R. C. L. 916.

10. Negligence.—Trespasser, to recover for injury, must show that it was wantonly inflicted, or that owner or occupant, being present, could have prevented injury after discovering danger.

11. Railroads—Railroad Held not Liable for Damages to Automobile Driven Upon Unguarded Tracks Where There Was no Crossing, Though Street Had Been Opened to Tracks.—Where city opened street up to, but not across, a railroad already constructed, *held*, owner of automobile, whose agent drove it on tracks at such place, was not entitled to recover for damages to car from railroad, which held only easement, and was not bound to put up railings.

Before Whaley, J., Richland, March, 1925. Judgment reversed, and case remanded with instructions.

Action by the Kershaw Motor Company against the Southern Railway Company and the City of Columbia. From a judgment against the first named defendant alone it appeals.

*Messrs. Frank G. Tompkins and Heyward B ockington* for appellant, cite *Railway right of way for railroad uses only:* 11 Stats., 415, 421 and 422. *Owner of land adjacent to highway liable for acts rendering travel unsafe:* 84 S. C., 203; 15 A. & E. Enc., 437. *Railway company not negligent in maintaining crossing; no duty to safeguard approaches to crossing:* 127 S. C., 553; 121 S. C., 200; 108 S. C., 254; 101 S. C., 441; 76 S. C., 554; 31 S. C., 393; 107 Ga., 757; 33 S. E., 837; 76 Ga., 611; 59 N. J. L., 415; 37 A., 59; 59 A. S. R., 613; 69 F., 808; 29 L. R. A., 695; 1 Allen (Mass.), 30; 33 Cyc., 775. *Railway company unable to prevent use as crossing:* 131 S. E., 681; 109 S. C., 444; 72 S. C., 228. *Duty of railway company to trespass:* 93 S. C., 329; 92 S. C., 291. *Defendant entitled to directed verdict:* 67 S. C., 126; 61 S. C., 556; 61 S. C., 468; 26 S. C., 49.

*Mr. E. J. Best,* for respondent, cites: *What constitutes legal "knowledge";* 35 S. C., 409.

August 16, 1926.

The opinion of the Court was delivered by MR. ACTING JUSTICE C. J. RAMAGE.

This was an action in tort for damages alleged to have been sustained by the plaintiff as the owner of a certain automobile, which was driven by an agent of the plaintiff onto the tracks of defendants, in the city of Columbia, where there was no street crossing, but which point was near a street, or proposed street, which had been constructed by private parties, with certain assistance from the city of Columbia, who was a defendant also in the case, on the ground that the city of Columbia built and opened up the street in question without properly safeguarding, by lights, banisters, or other appliances, to protect and warn persons operating vehicles on the street or way in question, and that the appellant herein, Southern Railway Company, knowing the danger to persons operating vehicles thereon, negligently suffered and allowed the city of Columbia to open and construct the street over its right of way, within close proximity to its tracks, without properly safeguarding and protecting and lighting it.

The appellant answered, denying the allegations of the complaint, and alleged that there was no street or crossing at the point in question, nor within 65 feet of the center of the track, and that no legal liability rested upon the said Southern Railway Company to the plaintiff, or to others who might drive upon the said track, and that the respondent· was guilty of contributory negligence in nòt looking and properly investigating before driving onto the right of way of th railway company at a high and reckelss rate of speed, without proper appliances for stopping his car on the discovery of danger.

The case was tried before his Honor, Judge Whaley, of the county Court, and a jury, resulting in a verdict against the Southern Railway Company alone, and in a verdict absolving the city of Columbia from all blame

in the case. During the progess of the case, motions were made for nonsuit and directed verdict in favor of appellant, on the ground that the evidence at the respective stages of the case did not show any negligence on the part of appellant, and from which no reasonable inference could be drawn, except that the respondent was guilty of trespass and contributory gross negligence and willfulness, which motions were overruled.

It appears from the testimony that M. C. Hasty, an agent of plaintiff, had a long-distance call from Columbia to bring a car over to Rawlinson's garage, in Columbia, from Camden. Hasty was not familiar with the City of Columbia, and made inquiries as to the location of the garage, and in trying to follow out the directions he ran the car he was driving, a Lincoln, onto the tracks of the defendant, where it stuck and was seriously damaged. It seems that Hasty was driving along College street, and came to the place that had been opened up by private parties, who were developing some real estate, and then across that newly opened way onto the tracks of the appellant. It was a dark, rainy night— December 30, 1924—and there was water and mud spattered on the lights of the car.

While the Lincoln car stuck on the tracks, as related, a crew of the Southern Railway Company came along on an engine, saw the plight of the automobile on the tracks, and stopped and helped the car off the tracks, and rendered such other assistance as they could at the time. Judge Whaley only allowed the case to go to the jury on the question of actual damages. Such parts of the testimony bearing on the issues here involved are as follows:

"The street runs about up to the Southern Railway tracks; there is quite a little incline from Harden street, going up College, to the railroad; the street does not extend across the railroad; there is no place there for automobiles to travel; there is nothing there known as a railroad crossing;

there is an embankment on the northern side of the railroad, and there was an embankment on the southern side until it was cut down; there was no railroad crossing there; there is a rail or banister on the Laurens street side, but none on the Harden street side; the street has been worked by the city right up to the little ditch on each side of the tracks.'"

Witness Woodward said:

"I was told by Mr. Belser, when I bought the land, that the railroad had an easement through that property, and he rad been trying to get the city to open the street through there, *but that the railroad objected to it,* and he did not know what the condition would be at that time; they never opened it. * * * On the other side of the railroad, the west side, is a high embankment, higher than the street, and there is a fence across the street on that side; the end of the sidewalk is practically 60 feet from the railroad track; the east side is practically level with the track; it had been opened up to within 5 or 6 feet from the first rail; there is a well-defined street from Harden street up to the railroad track, which is about as good as the average dirt street in Columbia."

"The railway company had only the right to use the right of way when it was needed for railroad purposes, and consequently the adjoining landowners, or owners of the fee, had the right to use the right of way for any purpose which they saw fit, if consistent with its use by the railroad for railroad purposes." *A. & C. A. L. R. Co. v. Limestone G. L. Co.,* 109 S. C., 444; 96 S. E., 188. *Brown v. Southern Ry. Co.* (S. C.), 131 S. E., 681. *Harman v. Southern Ry. Co.,* 72 S. C., 228; 51 S. E., 689.

"A railway company owes a trespasser no duty, except not to willfully or wantonly injure him." *Carter v. Railway,* 93 S. C., 329; 75 S. E., 952. *Craft v. Railway,* 92 S. C., 291; 75 S. C., 501. *Haltiwanger v. Railway,* 64 S. C., 7; 41 S. E., 810.

"Person on track of railroad, where public had not acquired a right to travel, is a trespasser." *Halti-wanger v. Railway,* 64 S. C., 7; 41 S. E., 810.

"An essential ingredient in any conception of negligence is that it involves the violation of a legal duty, which one person owes another—the duty to take care for the safety of the person or property of the other; and the converse of the proposition is that, where there is no legal duty to exercise, there can be no actionable negligence. Therefore it is reasoned that a plaintiff, who grounds his action upon the negligence of the defendant, must show, not only that the conduct of the defendant was negligent, but also that it was a violation of some duty which the defendant owed him." Thompson on Negligence, Vol. 1, § 3.

"A proposition growing out of the principles discussed in the preceding paragraph is that no one is legally responsible in damages to another for any tort that may result to him from the doing by the former of a lawful act in a lawful manner, and without any carelessness or negligence on his part." Thompson on Negligence, Vol. 1, § 9.

"In an action for injuries to plaintiff's automobile, sustained in driving over a railroad track on an abandoned crossing, which the public had no right to use, on account of the rails not being on a level with the road, a nonsuit was properly granted. * * * The railroad there owed the traveler no duty, other than not to willfully injure him." *Whitner v. Railway,* 101 S. C., 441; 85 S. E., 1064.

"The plaintiff was where he had no right to be, and at a place where the defendant under no view of the case owed him any * * * duty other than not to willfully injue him." *Id.*

"Where a causeway over a pond was part of a public highway, wholly under the county's jurisdiction and control, the duty of maintaining such safeguards as would prevent

one falling into the pond rested on the county, and not on the owner of the pond." *Morris, Adm'r, v. Langley Mills et al.,* 121 S. C., 200; 113 S. E., 632; 36 A. L. R., 302.

"Where a canal or millrace owned by another was only about 20 feet from defendant's freight depot, defendant was not liable for failure to guard it, resulting in plaintiff's horse backing into it and drowning." *O'Dell v. Southern Ry. Co.,* 127 S. C., 553; 121 S. E., 599.

"If a county or city desires to construct a new public highway across an established railroad, then .the county or city must construct and maintain proper approaches." *Dobbins v. Railway,* 108 S. C., 257; 93 S. E., 933.

"In civil cases, a defendant is not responsible for results, except such as are natural, proximate, and direct. If such consequences are caused by the acts of others, so operating on his acts as to produce the injurious consequences, then he is not liable," etc. *Hill v. Railway Co.,* 31 S. C., 398; 10 S. E., 93; 5 L. R. A., 349. *State v. Rankin,* 3 S. C., 438; 16 Am. Rep., 737, and authorities cited; 2 Greenleaf on Evidence, § 256. *Whatey v. Murrell,* 1 Strob., 389. *Harrison v. Berkely,* 1 Strob., 548. *Carey v. Brooks,* 1 Hill,. 365.

"In the absence of statute, there is no duty upon a railroad company to fence its tracks or right of way for any purpose, and consequently the failure to do so cannot, in the absence of statute, be considered negligence as to persons who came upon the tracks at a point where there is no fence and are injured.' 33 Cyc., 775.

"While there may be some shades of difference in the various definitions of negligence, all the authorities agree that its essential element consists in a breach of duty, and that, in order to sustain an action, 'plaintiff must state and prove facts sufficient to show what the duty is and that the defendant owes it to him.'" 1 Shears & Red. Neg., § 8; Beach on Cont. Neg., 6; Thompson, Neg., preface.

"A legal duty has been well defined by Dr. Wharton as 'that which the law requires to be done or forborne to a determinate person, or to the public at large, and as a correlative to a right vested in such determinate person or in the public.' " Wharton, Neg., § 24. *Emry v. Roanoke*, etc., 111 N. C., 94; 16 S. E., 18; 17 L. R. A., 699.

"It is a well-settled principle that a landowner has a right to the exclusive use and enjoyment of his premises, and that he incurs no liability for injuries caused by its unsafe condition to a person who was not at or near the place of the accident by lawful right, and when the owner has neither expressly nor by implication invited him there." *Emry v. Roanoke, etc., supra. Sweeny v. Railroad*, 10 Allen (Mass.), 368; 87 Am. Dec., 644. *Bennett v. Railroad*, 102 U. S., 577; 26 L. Ed., 235. *Carleton v. Steel Co.*, 99 Mass., 216. Cooley on Torts, 605 and 606; 1 Thompson on Negligence, 283 and 303

Unless contrivances are placed on such premises with an actual or constructive intent to hurt intruders, the proprietor is not liable for injury resulting to persons by reason of the condition in which the premises have been left, or from the prosecution of a business in which the owner had a right to engage." *Emry v. Roanoke, etc., supra. Schmidt v. Bauer*, 80 Cal., 565; 22 P., 256; 5 L. R. A., 580, and notes. *Evansville & T. H. R. Co. v. Griffin*, 100 Ind., 221; 50 Am. Rep., 783. *Gillespie v. McGowan*, 100 Pa., 144; 45 Am. Rep., 365. *Gramlich v. Wurst*, 86 Pa., 74; 27 Am. Rep., 684. *.Cauley v. Pittsburgh*, 95 Pa., 398; 40 Am. Rep., 664. *McAlpin v. Powell*, 70 N. Y., 126; 26 Am. Rep., 555. *Hargreaves v. Deacon*, 25 Mich., 1. *Burdick v. Cheadle*, 26 Ohio St., 393; 20 Am. Rep., 767.

"The defendant corporation, in working its coal mine, threw out a pile of slack on its own land, the pile presenting the appearance of coal ashes. The land was not fenced, and a stranger in the neighborhood, in passing over the

slack, was burned. It was held that he had no right of action against the corporation." *McDonald v. Railroad* (C. C.), 35 F., 38.

"Where one goes upon the premises of another without invitation, to obtain employment, and is there injured by a defective machine, * * * he cannot recover." *Larmore v. Crown Point Iron Co.*, 101 N. Y., 391; 4 N. E., 752; 54 Am. Rep., 718.

"The general rule is that a landowner does not owe to a trespasser * * * the duty of having his land in a safe condition for a trespasser to enter upon. The latter has ordinarily no remedy for harm happening to him from the nature of the property upon which he intrudes, and he takes upon himself the risks of the condition of the land, and to recover for an injury happening to him he must show that it was wantonly inflicted, or that the owner or occupant being present could have prevented the injury by the exercise of ordinary care after discovering the danger." *Walker v. Potomac R. R. Co.*, 105 Va., 226; 53 S. E., 113; 4 L. R. A (N. S.), 80; 115 Am. St. Rep., 871; 8 Ann. Cas., 862, and other Virginia cases cited in the case; Bishop on Noncontract Law, § 845. Cooley on Torts (2d Ed.), 791—794.

"The Court cannot say as matter of law, under the evidence in this case, that one driving a wagon on a dark night on a highway near to which a railroad company has excavated a deep cut, whose horse, wagon, and himself fell into the cut as the horse was turning the wagon, was guilty of contributory negligence, although he knew the cut was there, nor can it say the railroad company was not negligent in not placing guard rails around the cut." *Humphries v. Railroda Co.*, 84 S. C., 202; 65 S. E., 1051.

We note the following: (a) The cut was dangerous in itself; (b) the railroad in that case was built *after* the highway was built; (c) the cut was put there by the railroad

after the highway was established, and in such case the burden fell on the railroad, and not on the county, under the *Dobbins case,* cited above, which held that, where a railroad is built over an established highway, it must construct the approaches, and *vice versa,* where the highway was built over a railroad already in existance.

Under the authorities cited above, and we have gone into them fully, we do not see where the railroad was negligent, and no verdict was proper against the railroad, especially where the City of Columbia, which at least actively participated in the construction of the street and the maintaining of it, has been completely exonerated by the verdict of the jury. It would be shocking to the intelligence in this case to hold the Southern and let the city go free. Under the *Morris, Whitner, O'Dell,* and *Hill cases,* cited above, we do not see how the railroad could have been held liable under the facts in this case. It not only did not invite the public to cross its right of way there, but the testimony shows that the railroad *objected* to the crossing. Under the Brown and other cases the owners of the fee over which the railroad held an easement had the right to use the land up to the tracks without the consent of the railroad; it was not even shown that this so-called street was ever called to the attention of the railroad officials, and that they knew of its being there; and, even if it had been so shown, how could they have done anything, except put up a fence, and the cases hold they did not have to do this, even where there was a dangerous cut near there. It appears that, as built orginally, there was no road near the railroad, and what was later put there was put there by private parties and the City of Columbia.

Plaintiff was a trespasser, and appellant owed him no duty, except that of not willfully injuring the said property of the plaintiff, and the fact that the engine stopped before getting to the car would negative all willfulness, etc., and in

fact his Honor knocked out all punitive damages, and when this was done the plaintiff's case went out also. The nonsuit ought to have been granted in the first place, and later a verdict ought to have been directed in favor of the appellant.

It is the judgment of this Court that the judgment of the lower Court be reversed, and the case remanded to the county Court of Richland County, with instructions to the clerk of Court to enter up judgment in favor of the defendant Southern Railway Company, under rule 27.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER and WATTS concur.

MR. CHIEF JUSTICE GARY did not participate.