## TOMPKINS v. RAILROAD COMPANY.

1. An action against a railroad company to recover damages for grading and trespass on lands claimed by plaintiff, and to enjoin any further appropriation of these lands for the construction of the railroad, is not an action "for the recovery of real property or the recovery of possession thereof," within the meaning of section 98, subd. 2, of the Code, allowing two actions for such recovery.
2. A second action for the recovery of real property, brought within two years after the judgment for defendant in the first action, and after the payment of the costs thereof, cannot be defeated by the fact that defendant in neither action claimed anything more than an easement in said land. The court will not look beyond the form of the action as disclosed in the complaint.

Before KERSHAW, J., Edgefield, March, 1888.

This was an action by S. S. Tompkins *et al.* against the Augusta & Knoxville Railroad Company. The opinion states the case.

*Messrs. J. Ganahl* and *J. C. Sheppard,* for appellant.

No counsel contra.

March 29, 1889.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   The Circuit Judge states this case clearly as follows: "The plaintiffs' action is for the recovery of possession of real estate occupied and used by the defendant as a way for their track.   In November, 1881, the plaintiffs commenced an action against the defendant company, seeking to enjoin it from appropriating any portion of the said real estate here sought to be recovered, to the use and benefit of the said railroad company, and from constructing a railroad through said premises, and for damages for having graded and proceeding to construct said railroad, &c.   On December 9, 1882, the plaintiffs, while the said action (above) for injunction, &c., was pending, commenced another action against the defendant to recover the possession of the same tract of land described in the former action, to which the defendant answered, pleading, among other matters, the pendency of the action first above mentioned.   This action was brought to trial and judgment was entered against the plaintiffs upon the merits, after an appeal to the Supreme Court. See 21 S. C., 420.   Before the trial of this action the first (injunction) action was discontinued by the plaintiffs, and nothing was decided as to the plea of *lis pendens* above mentioned. Judgment entered September 8, 1883.

"On some day (not stated), but within two years after the judgment in the action next above mentioned, the plaintiffs commenced this action against the defendants to recover possession of the same land.   To this action the defendant answers, pleading, among other things, *res adjudicata*, setting out the former proceedings above recited, in bar to the present action.   The plaintiffs moved to strike out the plea 'as irrelevant,' inasmuch as the code allows the plaintiffs a second action in cases of this character.   The defendant insists that the statute allowing two actions does not apply to this case, and if it does, the plaintiffs have already had two actions for the same cause before the commencement of this action, which is the third, asking relief in regard to the same subject matter," &c.

The Circuit Judge held that the action first above mentioned

is not within the meaning of the act limiting the plaintiff to two actions. It is an equitable action in part, and an action for damages for alleged trespasses in part, and in no respect is it an action "for the recovery of real property, or for the recovery of possession thereof"; that this is the second action for the recovery of the real property described brought by the plaintiffs, and having paid the costs of the former action, and having commenced this within two years after the judgment in the former action, they had the right under the statute to bring the present action ; and he ordered the plea of *res judicata* to be stricken out, as irrelevant to the present action.

From this ruling and order the defendant company appeals to this court upon the following exceptions alleging error :

"1. In deciding that the action commenced in November, 1881, asking to enjoin the defendant company from appropriating any portion of the real estate herein sought to be recovered, and for constructing a railroad through said premises, and for damages for having graded and proceeded to construct said railroad, is not within the meaning of the act limiting the plaintiff to two actions.

"2. In deciding that the present action for the recovery of the real property described in the complaint is the second action brought by the plaintiffs, and that having paid the costs of the former action, and having commenced this within two years after judgment in the former action, the plaintiffs had a right under the statute to bring the present action.

"3. In deciding that the plea of *res judicata* is irrelevant to the present action, and in striking out this plea of defendant.

"4. In deciding that the acts of South Carolina, giving two actions for the recovery of realty, or recovery of possession thereof, applies to easements in said real property.

"5. In deciding that the statutes of the State, which gives two actions for the recovery of real property or the recovery of the possession thereof, applies to the present action, or that brought on December 9, 1882 ; when these two actions are not for the recovery of title to said property, nor for the possession thereof, but under the issue made, are to determine whether or not the defendant had duly acquired the *easement* of the right of way for its railroad over and upon said real property.

31—30

"6. In deciding that when a railroad company, with power to condemn land for right of way, obtains the consent of the owners of land to enter thereon and construct its railroad, it is subject to two actions on determining the issue of whether or not said consent had been duly given," &c.

The first exception alleges that it was error to hold that the first action of the plaintiffs, brought in November, 1881, for injunction, damages, &c., was not within the scope of the act limiting the plaintiffs to two actions. Subdivision 2 of section 98 of the Code declares "that the plaintiff in all actions for the recovery of real property, or the recovery of the possession thereof, is hereby limited to two actions for the same, and no more, provided," &c. The provision itself indicates that the object was to create a limitation rather than to give a special privilege in allowing two actions to be brought by the same plaintiff "for the recovery of real property," &c. The old action of ejectment, by reason of its fictitious proceedings, could be brought and repeated any number of times; and this provision was originally made to limit such actions to two, and no more. See *Geiger* v. *Kaigler*, 15 S. C., 271. In considering the act, therefore, the court must construe it strictly—at least, not to disregard its terms and object, so as to enlarge the class of actions entitled to two trials. We agree that the first action for injunction, damages, &c., was *not* an action for the recovery of real property, and therefore not within the meaning of the act.

All the other exceptions, in different forms, make the point that none of the three actions of the plaintiffs were truly "for the recovery of real property," but were really to determine whether or not, under the issues made, the defendant company had duly acquired the *easement* of the right of way for its railroad over the lands in question. It is urged, as the general rule is, that no matter once *adjudicated* can be stirred again, except the single instance of action for the recovery of real property, that great care should be taken to ascertain whether those claimed to be are really and truly such actions; that all the actions brought by the plaintiffs against the defendant company were not, strictly speaking, real actions at all, but concerning an easement in the lands, and nothing more. We do not under-

stand that the Circuit Judge decided that the act giving two actions for the recovery of real property included easements in real property; but that in construing the act the court is bound by its terms, and that when the action is in form "for the recovery of real estate," it cannot look beyond to discover whether plaintiffs have ulterior purposes in bringing the action. The two last actions are regular in form "for the recovery of real property," and we agree with the Circuit Judge that it was right to give the plaintiffs, for this time, the benefit of the act.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.