## ANDERSON v. LYNCH.

1. RECOVERY OF REAL PROPERTY—POSSESSION.—Notwithstanding the change made by the Code of Procedure in the name given to an action for the recovery of real property, the plaintiff in such action is not entitled to recover where he fails to show that defendant was in possession of the land, in person or by agent, at the time the action was commenced.
2. ACTS OF POSSESSION.—The receipt of rents by an agent of defendant some four or five years prior to action commenced, and the return of such land for taxation down to the year of action brought, are not sufficient to show possession by defendant at the institution of suit.
3. CASE OVERRULED.—*Binda* v. *Benbow*, 9 Rich., 15, overruled.

Before WALLACE, J., Abbeville, January, 1891.

This was an action by George W. Anderson and John L. Addison against Addison W. Lynch, commenced May 22, 1889.

*Messrs. Graydon & Graydon*, for appellant.

*Mr. E. B. Gary*, contra.

November 21, 1892. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This was an action under the Code for "the recovery of real property"—a tract of land described

as containing 125 acres.   The complaint alleged, "that the de-
fendant is in possession thereof, and unlawfully withholds the
same from the plaintiffs, to their damage one thousand dollars.
Wherefore the plaintiffs demand judgment for the possession of
the said premises, and for one thousand dollars for the unlawful
detention thereof."    The answer denied every allegation in the
complaint, except so much thereof as alleges that "the land
formerly belonged to Mrs. Elizabeth Lynch."

The proof was very meager.   We think it appeared that the
plaintiffs bid off the land at sheriff's sale, January 5, 1880,
when it was sold under judgments and executions against Mrs.
Lynch, and received sheriff's title for it; that before the afore-
said sheriff's sale, Mrs. Lynch, the owner, had leased the land
to one Cunningham, who occupied it for seven years, and she
had before the sale (June, 1879,) also conveyed it to one W. E.
Lynch, who, it seems, sometime after, in 1882 or 1883, conveyed
the land to the defendant, A. W. Lynch, whose agent and at-
torney, Eugene B. Gary, Esq., for some time paid the taxes on
the land, and collected some rents.   When he commenced to
receive rents for the defendant, the attorney did not remember,
but it must have been after 1882 or 1883, when the land was
conveyed to the defendant.   Nor did he remember when he
ceased to act as agent of the defendant, but he thought he had
received no rents for five or six years, and in the meantime he
had been asked to become the agent of another, one Outz.
The returns from the auditor's office were offered in evidence,
showing that the lands were returned for taxation by Mr. Gary
as the property of the defendant, the last return being dated
February 20, 1889.

At the close of the testimony for the plaintiffs, the defendant's
attorney made a motion for a non suit, on the ground that there
was no proof to show that the defendant was in possession of
the land at the time the action was brought.   The motion was
granted by his honor, Judge Wallace, who granted the follow-
ing order: "At the close of plaintiffs' testimony, the defendant's
attorney having moved for a non-suit, that there was an entire
failure of proof on the part of the plaintiffs as to the possession
of the land by the defendant at the time of the commencement

of the action, and it appearing to the court that there was an entire failure of proof on the part of the plaintiffs of such possession : Now, on motion of Eugene B. Gary, defendant's attorney, it is ordered, that the motion be, and the same is hereby, granted, and that the complaint be dismissed with costs."

The plaintiffs appeal on the following grounds : I. Because it was error in the presiding judge to hold that it was necessary for the plaintiffs to show actual possession of the land in dispute at the time of the commencement of the action by the defendant, in order for them to recover against him. II. Because his honor erred in not holding that constructive possession of land by a defendant is sufficient to enable the true owner to recover against him. III. Because the judge erred in not holding that all that was necessary for the plaintiffs to do to maintain their action was to show that the defendant had committed a trespass on the land of the plaintiffs at any time within ten years before the commencement of the action. IV. Because it was error in the presiding judge to hold that the evidence of the possession of the defendant was not sufficient to go to the jury. V. Because his honor erred in not holding that the answer of the defendant, by setting up a general denial, admitted the right of the plaintiffs to sue him in the character in which he was sued, and was an admission of *ouster* by the defendant. VI. Because his honor erred in not holding that returning the land for taxation and paying taxes upon it, was a sufficient claim of title and right to possession to enable the plaintiffs to maintain action against him. VII. Because it was error in the judge not to hold that, under the Code, all that was necessary for the plaintiffs to show was that the defendant claimed some interest in the land adverse to the plaintiffs, and that returning the land for taxation and paying taxes was sufficient evidence of an adverse claim to go to the jury.

The Code of Procedure has made no material changes in the primary rights of parties, or in the different causes of action, nor undertaken to give any new redress; but has only changed the mode by which redress is reached and applied. It has provided what it calls "an action for the recovery of real property," in the place of the old action of

"trespass to try titles," which, as it is understood, embraces three elements, viz.: the writ of right to try the title, eject-ment to recover the possession, and also for mesne profits. See *Geiger* v. *Kaigler*, 15 S. C., 252. As we think, the action can not be maintained unless there has been an actual trespass by the defendant. It is not absolutely necessary that the trespass should have been committed by the defendant himself in per-son, but it may be committed through and by another, as an agent or tenant. In the case of *Binda* v. *Benbow*, as it is last reported in 11 Rich., 24, the trespass was held to have been committed by the father, in putting his son Pinckney in pos-session of the land; which trespass, as we understand it, was continued down to the trial. As we think, it is necessary in an action under the Code, that there should be a trespass, and that it should be continued down to the time the action is brought. See 6 Am. & Eng. Enc. L., 245, where the doctrine is stated as follows: "The plaintiff must, in order to entitle him to recover, show (1) a legal estate in the premises existing in him at the time the suit was commenced; (2) a right of entry in himself; (3) that at the commencement of the suit, the de-fendant, or those claiming under him, was in possession of the premises. * * * It must be proven (proved) as against the defendant named in the action, that he was actually in posses-sion when the suit was commenced, unless he be one admitted to defend in place of another," &c. In the cases of *Thompson* v. *Brannon*, 14 S. C., 543, and *Stanley* v. *Shoolbred*, 25 *Id.*, 181, the question was merely as to the extension of possession by force of "a color of title."

In this case no trespass was alleged except what was embraced in the allegation, "that defendant is in possession thereof, and unlawfully withholds the same from the plaintiffs." It was not made to appear that the defendant ever was in possession—actual possession—of the premises. His attorney and agent did receive some rents for him, but he thought he had received no rents for four or five years, and was not certain as to the time when he ceased to be the agent of the defendant. It is insisted, however, that he returned the land for taxation down to 1889; but we must agree with the

Circuit Judge, that this, the strongest fact in the case, was not proof that the defendant was in possession of the premises in contention at the time the action was commenced.

But it is urged that it was error to hold, that the action could not be maintained, unless the defendant, in person or through another, was in possession at the time the action was brought. It is true that the case of *Binda* v. *Benbow*, as at first reported in 9 Rich., 15, did hold, that "in trespass to try title, it is sufficient to prove a trespass *within ten years* before the commencement of the action." We think this judgment must have been hastily rendered; and considering that it is not sustained either by principle or the current of authorities, we feel constrained to overrule it, which is done. Nothing was said in the case about *mesne profits or damages*, and, therefore, that matter is not before us.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.