12404

FREDERICK *ET AL.* v. CHAPMAN *ET AL.*

(142 S. E., 247)

1. FORCIBLE ENTRY AND DETAINER—WHERE PLAINTIFF ALLEGED OWNERSHIP AND DEFENDANTS' REFUSAL OF POSSESSION, AND DEFENDANT DENIED PLAINTIFFS' TITLE, ACTION WAS NOT ONE OF FORCIBLE ENTRY AND DETAINER.—Where complaint alleged title and ownership of property in plaintiff, possession by defendant, and refusal to deliver up possession, defendant denied title of plaintiff, and testimony showed defendant was in possession and refused to surrender possession, action was not one of forcible entry and detainer, and jury should have been allowed to pass on question of title.

2. EJECTMENT—WHERE QUESTION OF TITLE IS IN ISSUE, PLAINTIFF MUST RECOVER PROPERTY ON STRENGTH OF ITS OWN TITLE, NOT WEAKNESS OF DEFENDANT.—Where question of title is put in issue in action to recover possession of property, plaintiff must recover

property, if at all, on strength of its own title, and not on weakness of defendant's title.

3. ACTION—DEFENDANT MUST PLEAD ALL DEFENSES, LEGAL OR EQUITABLE, IN SAME ACTION.—Defendant is required to plead all his defenses, whether legal or equitable, in same action.

4. EJECTMENT—DEFENDANT, UNDER DENIAL OF PLAINTIFF'S TITLE, HELD ENTITLED TO PRESENT DEFENSE THAT HE WAS ENTITLED TO RECONVEYANCE FROM PLAINTIFF.—In action in which plaintiff alleged ownership of property and defendant's refusal to deliver up possession, defendant, under denial of plaintiff's title, is entitled to present defense that he was entitled to reconveyance of property from plaintiff under plaintiff's contract to reconvey on demand.

Before BONHAM, J., York.   Reversed and remanded.

Action by J. V. Frederick and others against S. P. Chapman and others.   Judgment for plaintiffs, and defendants appeal.

*Messrs. Dunlap & Dunlap,* for appellants, cite: *Defendant must plead in answer all defenses, legal and equitable; he cannot bring a separate action on any matter that could have been so pleaded.*   4 S. C., 48; 9 S. C., 582; Sec. 410, Code Proc.; 129 S. E., 629. *When may demur:* Sec. 414, Code Procedure.

*Messrs. Wilson & Wilson,* and *Thos. F. McDow,* also for appellants.

*Messrs. Hart & Moss,* for respondents, cite: *Civil Courts will not interfere with disciplinary measures of the Church:* Speers, Eq., 126; 13 Wall., 730. *Those who adhere to the Church corporation, no matter how few, constitute the true corporation, and are entitled to the Church property:* 13 Wall., 679; 2 Rich., Eq., 192; 67 S. C., 338; 95 S. C., 158; 115 S. C., 285. *When equitable defense set up against a law claim the equitable claim or title must be a present subsisting and operative title upon which the owner can recover:* 78 S. E., 551.

March 16, 1928.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This action was brought "for the purpose of recovering possession of two pieces of real estate in the City of Rock Hill." One of these is known and designated as the church property; the other, as the parsonage property. For the sake of brevity, we shall refer to the Wesleyan Methodist Convention (or Church) of America, as the connection; and to the North Carolina Conference of the Wesleyan Methodist Connection (or Church) of America, as the conference.

The plaintiffs, in substance, allege that the connection is a religious organization, and that the conference is a part of the said connection, and subject to the rules and laws of the connection as found in the book of discipline; that also the said conference is a corporation under the laws of the State of North Carolina, and, as such, is allowed to own and possess property for church purposes; that the plaintiffs Frederick, Beauchamp, and Beatty are the duly constituted trustees of the conference, with authority, under the laws of the connection, to hold and possess property for the purpose of worship and other church uses, and that they have and hold a legal title to the church and parsonage property of the Wesleyan Church at Rock Hill, S. C.; that, under the laws of the connection, the appointments of the pastors of the different churches are subject to change at the end of each and every conference year; that in 1923, the plaintiff W. H. Looney was appointed as pastor of the church at Rock Hill, to serve for the ensuing conference year; that, after such appointment, and under the right and authority to use and occupy the said property as pastor, the said plaintiff demanded of the defendants and the congregation represented by them possession of the church and parsonage property, but the defendants refused to surrender possession of same; that, although it was the duty of the defendants Johnson, Sapp, and Spinks, the local trustees of the Rock

Hill Church, to surrender possession of the property to the plaintiff Looney and to assist him in securing possession of it, they conspired with the defendant Chapman, a deposed minister of the conference, to deprive the plaintiff Looney of the use and possession of the premises; and that the acts and doings of the defendants were willful, wanton, and negligent, and to the damage of the plaintiffs in the sum of $1,000. The prayer of the plaintiffs was for the possession of the property, a permanent injunction to restrain the defendants and all persons claiming under them from interfering with such possession and occupancy by the plaintiffs, and damages in the amount of $1,000.

The defendants Johnson, Sapp, and Spinks, as trustees of the Rock Hill Church, and as individuals, answering the complaint, admitted the existence and organization of the connection for the purposes alleged by the plaintiff, but denied all other allegations of the complaint; specifically denied that the plaintiffs or any of its trustees owned or possessed any part of the church or parsonage property at Rock Hill; specifically denied that they had conspired to withhold possession of the property from the plaintiff Looney, but alleged that, in the performance of their duties as trustees of the church and property, they had refused to deliver possession until their successors should be duly elected and qualified; and alleged that, in the performance of their duties, and in accordance with the resolutions adopted by the church, a copy of which was attached to the answer and marked Exhibit B, they had made demand on the conference that it reconvey the church property to them, as trustees of the Rock Hill Church, in pursuance of the conditions and regulations under which the church property had been theretofore conveyed to the conference. They asked that the complaint be dismissed, with costs, and that the conference be required to reconvey the said property to them as the trustees of the Rock Hill Church.

The defendant Chapman, answering, admitted the allegation that the connection was a religious organization, but denied all other allegations of the complaint; and, by way of affirmative defense, alleged that the legally appointed trustees of the church at Rock Hill were the defendants Johnson, Sapp, and Spinks, and that they were the legal holders of the said property; that in February, 1906, one Lockman conveyed to Baker, Sweat, and Morton, the then trustees of the church at Rock Hill, the church property, and that the present trustees of the local church are the successors of those trustees; that, in November, 1923, the members of the Rock Hill Church unanimously adopted a resolution, Exhibit B, repudiating the conveyance of the property to the conference, and demanded that the property be reconveyed to the trustees of the Rock Hill Church, for the reasons stated in the resolution; and that the conference was fully aware of the conditions and the reasons for such demand.

The jury found a verdict for the plaintiffs for the church property and for the defendants for the parsonage property. The plaintiffs admit that the parsonage property had never been conveyed to the conference. The defendants appeal and impute error to the trial Judge in refusing to submit the defendants' defenses, pleaded and proved, to the jury, and in practically directing a verdict for the plaintiffs. No appeal was taken from the verdict and judgment as to the parsonage property.

The nature of the action is in question. The trial Judge apparently took the view that the action was one of forcible entry and detainer, and charged the jury as follows:

"You will bear in mind that this is not a question of title; we are not trying the title to this property. This is a question for the possession of real estate, and damages for the alleged unlawful detention thereof, in other words, the

question for your consideration, the primary question for your consideration, is this: Who is entitled to the possession of this property? In the investigation and determination of that question, as a preliminary, the questions arise, 'Did——,' and these questions of fact are for your consideration, but not mine—Did the church at Rock Hill voluntarily of its own free will and accord convey the church property to the North Carolina Conference? And I charge you that, if they did so convey it voluntarily of their own free will and accord, even though you find that there was a condition in the resolution, or understanding outside of the resolution, that it would be reconveyed to them on their request or demand, that would not authorize the church at Rock Hill to take possession of that property and hold it against those lawfully holding it under the deed which they themselves had made. If you find that such a contract existed, that such a condition existed, such a reservation existed, it might as a matter of law give to the church at Rock Hill the right to make demand upon the North Carolina conference to reconvey to them, to bring its action in a court of law of competent jurisdiction to compel them to do so; but such a reservation would not give to the church at Rock Hill the right to take and hold unlawful possession of the property against these entitled to hold under the deed which they themselves had made."

The appellants contend that this charge was error, as it took from the jury all the defenses alleged and proved by them, and, in effect, directed a verdict for the respondents.

The respondents argue that the view taken by the Circuit Judge was correct, and that the action is one of forcible entry and detainer, and that, as in such action only the question of possession is involved, the trial Judge properly did not allow the jury to pass upon the question of title.

The pertinent allegations of the complaint are to the effect: (1) That the title and ownership of the property was in the plaintiffs; (2) that the possession of the property was in the defendants; (3) that the defendants refused to deliver up possession of the premises to the plaintiffs upon demand, and that the plaintiffs were damaged thereby in the sum of $1,000. The testimony which appears in the record tends to establish the allegations that the defendants were in possession and refused to surrender possession, but the complaint contains no allegation of, nor is there any testimony tending to show, forcible entry and detainer of the premises by the defendants. The respondents' view must be rejected. See *Du Pre v. Tilghman Lumber Co.,* 114 S. C., 269; 103 S. E., 526; *De Laine v. Alderman,* 31 S. C., 267; 9 S. E., 950; *State v. Bates,* 87 S. C., 527; 70 S. E., 170; *State v. Cargill,* 2 Brev. (4 S. C. L.), 445; *Vance v. Ferguson,* 101 S. C., 125; 85 S. E., 241.

The answers of the appellants denied generally and specifically the plea that the respondents were the holders of the legal title to the church and parsonage property, and demanded that the conference reconvey to the trustees of the Rock Hill Church the property which had been conveyed to the conference by the trustees of the Rock Hill Church on October 26, 1916, upon the grounds and for the reasons, as disclosed by an examination of Exhibit B, that the former trustees of the Rock Hill Church had illegally and without consideration, and without authority, deeded the property to the conference; that the property was conveyed under the promise and representation of the president of the conference that it would be reconveyed to the trustees of the Rock Hill Church at any time desired, such reservation, however, not having been incorporated in the deed when it was executed and delivered; and that the trustees of the Rock Hill Church had made demand upon the conference for reconveyance of the property in conformity to the resolution or agreement under which it was conveyed to the conference.

Under the pleadings, the question of title clearly is involved, whether the action was one for the possession of real estate or one for trespass to try title. This question being thus put in issue, respondents must recover the property, if at all, upon the strength of their own title, and not upon any weakness of appellant's title.

In *Anderson v. Lynch,* 37 S. C., 575; 16 S. E., 773, the Court said:

"The Code of Procedure has made no material changes in the primary rights of parties, or in the different causes of action, nor undertaken to give any new redress; but has only changed the mode by which redress is reached and applied. It has provided what it calls 'an action for the recovery of real property,' in the place of the old action of 'trepass to try titles,' which, as it is understood, embraces three elements, viz.: the writ of right to try the title, ejectment to recover the possession, and also for mesne profits. See *Geiger v. Kaigler,* 15 S. C., 262."

In *Carr v. Mouzon,* 93 S. C., 161; 76 S. E., 201, Ann. Cas., 1914-C, 731, the Court declared:

"The action for 'recovery of real property' had been substituted for the common-law action of ejectment. * * *

"To be sure, there are other forms of action by which the title to real property may be brought in issue and determined, as, for instance, an action for damages for trespass in the nature of common-law action of trespass *quare clausum fregit,* an action for rents and profits, and actions for foreclosure of mortgage or partition in which a defendant sets up an independent legal title in himself, but none of these are actions 'for recovery of real property,' and therefore they do not fall within the provisions of Section 98 [Code Civ. Proc., 1902] above quoted. *Tompkins v. Railroad Co.,* 30 S. C., 479; 9 S. E., 521; *Elmore v. Davis,* 49 S. C., 1; 26 S. E., 898; *Foster v. Foster,* 81 S. C., 311; 62 S. E., 320."

See, also, *Senterfeit v. Shealy,* 66 S. C., 384; 44 S. E., 958; *Nicholson v. Villepegue,* 91 S. C., 231; 74 S. E., 506.

It is well settled by our decisions that the defendant is required to plead all his defenses, whether legal or equitable, in the same action.

In the case of *Rice v. Mahaffey,* 9 S. C., 281; the Court said:

"The Court, is therefore, now competent to administer equitable and legal relief in a single action, and in every action in every manner, and more than formerly the two Courts could do when acting separately and sometimes in antagonism. The defendant is, therefore, bound to plead his defenses, legal and equitable, in the action brought, and is estopped from instituting a separate proceeding in the same cause with the same party."

In *Fidelity Fire Insurance Co. v. Windham,* 134 S. C., 373; 133 S. E., 35, 38, the Court, speaking through Mr. Justice Blease, makes the following clear statement of the question:

"While it is true that it has been held that the provisions of the Code have not interfered with the essential and inherent distinction between the different causes of action, legal and equitable (*McConnell v. Kennedy,* 29 S. C., 180; 7 S. E., 76), and whatever was equitable before the adoption of the Code still remained equitable, and what was legal is still legal, and even the mode of trial is preserved (*McMahan v. Dawkins,* 22 S. C., 320), yet it has been declared that all rights, legal or equitable, must alike be enforced or protected by the same form of action. *Parker v. Jacobs,* 14 S. C., 112; 37 Am. Rep., 724.

"Our Code of Civil Procedure, referring to the answer of the defendant in a civil action, not only indicated what he may plead, but specifically requires that the answer must contain: 'A statement of any new matter constituting a defense or counterclaim.' Section 410, Vol. 1, Code 1922. This Court, construing this language of the cited Section, has made the following holdings, which appear to us to be

pertinent here: The Code has enlarged the defendant's opportunity for making various defenses to the action by his answer. *Cohrs v. Fraser,* 5 S. C., 351. The defendant must plead in answer all his defenses, legal or equitable; he cannot bring a separate action on any matter that could have been so pleaded. *McAliley v. Barber,* 4 S. C., 48. 'It is well settled that a person may set up equitable as well as legal defenses by his answer.' *Brock v. Southern Railway,* 44 S. C., 444; 22 S. E., 601.

"Furthermore, the respective modes of trial, formerly given in both legal and equitable actions, have been fully preserved according to the decided cases. Mr. Chief Justice Gary, in the opinion of this Court, in *Mitchell v. Hamilton,* 98 S. C., 289; 82 S. E., 425, laid down the distinct principle that 'all issues, both legal and equitable, can be disposed of in one action. But the legal must be submitted to a jury and the equitable must be tried by the Court, unless issues are framed by the Court in the manner provided by law.' "

The appellants in the present case are entitled to have their rights in the property, if any, determined and fixed in this action upon and by consideration of their pleaded defenses to the respondents' claims. If they should establish their alleged right to reconveyance of the property by the respondents, this fact would necessarily be a controlling factor in determining their right to its posesssion. See *Watts v. Witt,* 39 S. C., 356; 17 S. E., 822; *Willcox v. Priester,* 68 S. C., 106; 46 S. E., 553.

The judgment is reversed, and the case remanded for a new trial in accordance with the views herein expressed.

MESSRS. JUSTICES COTHRAN, BLEASE and CARTER and MR. ACTING ASSOCIATE JUSTICE THURMOND concur.