**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bank of America, N.A., Respondent,

v.

Theda B. Vaughan a/k/a Theda L. Vaughan; James R. Vaughan; LBB & HHV II, LLC; Hometrust Bank, N.A.; Quality Business Solutions, Inc.; Creative Builders, Incorporated; Matthew J. Bynum; Ann Bynum; Mayfield Dairy Farms, LLC; TD Bank, N.A., as successor by merger with Carolina First Bank; Butler Improvements, LLC; Discover Bank; Suiza Dairy Group, LLC; FIA Card Services, N.A., Wells Fargo Bank, N.A., as successor by merger to Wachovia Bank, National Association; L. Stewart Spinks; Dillanos Coffee Roasters, Inc. Branch Banking and Trust Company; Spaulding Farm Homeowners Association, Inc., TCP Leasing, Inc., First South Bank; Brookfield South Associates, LLC; Green Tree Servicing, LLC formerly known as Green Tree Financial Servicing Corporation, a Limited Liability Company under the laws of the State of Delaware; Bank of Travelers Rest; Comprehensive Legal Solutions, Inc.; The South Carolina Department of Revenue, Defendants,

Of which LBB & HHVII, LLC is the Appellant.

Appellate Case No. 2015-002537

———————————

Appeal From Greenville County
James R. Barber, III, Circuit Court Judge

———————————

**AFFIRMED**

Donald Ryan McCabe, Jr., Jesse Ryan Oates, and John
Walter Whitmire, all of McCabe, Trotter & Beverly,
P.C., of Columbia, for Appellant.

Robert A. Muckenfuss and Trent M. Grissom, both of
McGuireWoods LLP, of Charlotte, North Carolina; and
Robert Paul Davis, of Rogers Townsend & Thomas, PC,
of Columbia, all for Respondent.

**PER CURIAM:** LBB & HHV II, LLC (LBB) appeals the circuit court's order dismissing its claims for betterments and trespass. LBB argues the circuit court erred in dismissing its claim for (1) betterments because South Carolina law gives a party the right to immediately assert a betterments claim in an answer and (2) trespass because Bank of America entered the property without authorization. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to issue one, we find the circuit court did not err in dismissing LBB's claim for betterments. *See Bergstrom v. Palmetto Health All.*, 358 S.C. 388, 395, 596 S.E.2d 42, 45 (2004) ("Under Rule 12(b)(6)[ of the South Carolina Rules of Civil Procedure], a defendant may move to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action. In considering such a motion, the [circuit] court must base its ruling solely on allegations set forth in the complaint."); *id.* ("In deciding whether the [circuit] court properly granted the motion to dismiss, the appellate court must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief."); S.C. Code Ann. § 27-27-10 (Supp. 2016) ("After final judgment in favor of the plaintiff in an action to recover lands and tenements, if the defendant has purchased or acquired the lands and tenements recovered in such action . . . supposing at the

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

time of such purchase or acquisition such title to be good in fee . . . such defendant shall be entitled to recover of the plaintiff in such action the full value of all improvements made upon such land by such defendant or those under whom he claims . . . ."); S.C. Code Ann. § 27-27-70 (2007) ("In any action for the recovery of lands and tenements, whether such action be denominated legal or equitable, the defendant who may have made improvements or betterments on such land . . . may set up in his answer a claim against the plaintiff for . . . the improvements . . . ."); *Strother v. Lexington Cty. Recreation Comm'n*, 332 S.C. 54, 62, 504 S.E.2d 117, 121-22 (1998) ("If a statute's language is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for employing rules of statutory interpretation and the court has no right to look for or impose another meaning."); *Howard v. Kirton*, 144 S.C. 89, 94, 142 S.E. 39, 41 (1928) ("The right to recover for betterments being statutory, the remedy or method prescribed by statute for its enforcement must be followed."); *Lessly v. Bowie*, 27 S.C. 193, 197, 3 S.E. 199, 200 (1887) ("[A] claim for improvements cannot be made in an action for foreclosure of a mortgage."); *Frederick v. Chapman*, 144 S.C. 137, 144, 142 S.E. 247, 249 (1928) (listing an action for foreclosure of a mortgage as an example of a claim that is not an "action[] 'for recovery of real property'"); *Citizens & S. Nat. Bank, Atlanta, Ga. v. Homes Constr. Co.*, 248 S.C. 130, 134, 149 S.E.2d 326, 328 (1966) (finding "the betterment[s] statute afford[ed] no remedy" when it did "not appear . . . that any action for possession of the land has been brought by the owner").

2. As to issue two, we find the circuit court properly dismissed LBB's claim for trespass. *See Bergstrom*, 358 S.C. at 395, 596 S.E.2d at 45 ("Under Rule 12(b)(6)[ of the South Carolina Rules of Civil Procedure], a defendant may move to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action. In considering such a motion, the [circuit] court must base its ruling solely on allegations set forth in the complaint."); *id.* ("In deciding whether the [circuit] court properly granted the motion to dismiss, the appellate court must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief."); *Ravan v. Greenville Cty.*, 315 S.C. 447, 463, 434 S.E.2d 296, 306 (Ct. App. 1993) ("[A] trespass is any interference with one's right to the exclusive, peaceable possession of his property."); *id.* at 464, 434 S.E.2d at 306 ("The essence of trespass is the *unauthorized* entry onto the land of another." (emphasis added)); *Mulherin-Howell v. Cobb*, 362 S.C. 588, 601, 608 S.E.2d 587, 594 (Ct. App. 2005) ("A quitclaim deed does not guarantee the quality of title, but only conveys that which the grantor may lawfully convey."); S.C. Code Ann. § 30-9-30(A) (2007) (explaining the recording of an instrument "is notice to all persons, sufficient to put them upon inquiry of the purport of the filed

instrument and the property affected by the instrument"); *BB & T of S.C. v. Kidwell*, 350 S.C. 382, 389, 565 S.E.2d 316, 319 (Ct. App. 2002) ("A mortgage duly recorded is notice not only of the existence of the mortgage, but of all its contents . . . . It is notice not only to purchasers but to the subsequent creditors as well . . . ." (quoting *Nat'l Bank of Newberry v. Livingston*, 155 S.C. 264, 284, 152 S.E. 410, 417-18 (1930))).

**AFFIRMED.**

**GEATHERS, MCDONALD, and HILL, JJ., concur.**